The opinion of the Court was delivered by
Tilghman, C. J.
The validity of the Act of Assembly, or of the devise to the church, have not been questioned by either party. The devise of what money might be in, hand or indebted to the testator, would comprehend all debts due to him, and all interest accruing on those debts to the time of payment to the executors. The- interest so accruing cbuld not be separated from the principal. It was to be considered as part of the debt at the time it was'paid; it was an accessary which adhered to the principal, and could have had no existence without it. Consequently it could not have been the intent of the Act of Assembly to take that interest from the-church. 1 here is no intimation of any such design. The interest given to the widow by the Act, was the interest on the money be'queathed to the church, which money bequeathed tó the church, was yet in the hands of the executor, and was the aggregate sum of principal and interest which had been paid to the executors by the debtors, of the testator. But that aggregate sum had been réceived by the executors, many years before the passing of the Act, and it is presumed that it had not lain idle. Did the Act intend to give to the widow the interest which had arisen on that money during the timé *268 it was in the hands of the executors ? I think it did. But did it intend to charge them with interest for the whole time it had lain in their hands ? In that respect, the Act must be construed as following the law, which, in the present case, would charge the executors with no more interest than they had actually received. In general, the rule adopted by this Court is, to charge the executor with such interest as he has made, or with due diligence might have made, from the money in his hands. But this is an uncommon case. The testator gave no orders to put the money out to interest, and the time when the church would have a right to call for it, depending on the life of an old woman, was so uncertain, that if the executors, from a sense of this uncertainty, had kept the money by them, without using it themselves, I do not think they would have been chargeable with interest. But if they did actually put it out, and received interest for it, or made use of it on their own account, they ought to be charged with what they actually received, if put out; or with legal interest if they used it on their own account, during the time they used it. It was once questioned whether executors were chargeable with interest received by them, on money not directed by the testator to be put to interest. But I take it to be now settled that they are. In 7. Bac. Ab. (Wilson's Ed.") 182, the cases are collected which affirm that position. And it is highly reasonable, particularly in this Commonwealth, where the executor receives a compensation for his services, and takes nothing by the willbut what is expressly given to him. The counsel for the appellants did, indeed, contend, that this interest was in,nature of a surplus undisposed of, and therefore should go to the executors, because the testator had no known kin. They supposed that the decision of this Court, by which the executor was held to be a trustee for such surplus, was only in favour of the next of kin; especially as the Act of Assembly of 7th April, 1807, enacts, that the undisposed of residue shall be distributed among the next of kin. But the decision of the Court was altogether independent of the Act of Assembly, and grounded upon the custom of the country which took its rise from the law allowing the executor compensation for his care and trouble. In the case before us however, there is no surplus undisposed of. The whole residue, so far as we can perceive, is given to the *269 ehurch. And the question is, not whether the executors take any thing by virtue of the will, for clearly they do not; but whether they are chargeable with interest,.on money not belonging to them while it remained in their hands. Both the law, and the justice of the case.require that they should be charged with the interest actually received by'them, since the money of the church came to their hands, whether such interest was received before or after the making of the Act of Assembly, and that such part of that interest as accrued during the life of Eleanor Hoffman, should be accounted for to her executors. They should be chargeable also, although the money was not put out, if they used it on their own accounts.