## Case No. 17,955.

### WOOD v. MATTHEWS.

[2 Blatchf. 370; [1] 23 Vt. 735.]

Circuit Court, D. Vermont. May, 1852.

REMOVAL FROM STATE COURT — JURISDICTION OF FEDERAL COURT—SEIZURE UNDER REVENUE LAWS—MOTION TO DISMISS.

1. When a cause is removed from the state court into the circuit court of the United States, under the provisions of the 3d section of the act of March 2, 1833 (4 Stat. 633), as having been commenced against an officer of the United States, for an act done under the revenue laws of the United States, or under color thereof, the question whether the property for the taking of which the action was brought was seized by the defendant in the performance of his duty as an officer of the customs under the revenue laws, is a matter of fact involved in the merits of the case, and cannot be raised or determined upon a motion to dismiss the suit.

2. The act of congress gives the jurisdiction and right of removal "in any case" falling within the particular class of cases provided for, without any regard to the amount in controversy in the suit. Hence, no question can be raised in the circuit court based upon the trifling value of the property for the taking of which the suit was commenced.

[Cited in Galvin v. Boutwell, Case No. 5,207; Whelan v. New York, L. E. & W. R. Co., 35 Fed. 864.]

[Cited in State v. Circuit Judge, 33 Wis. 132.]

This was an action [by John Wood, Jr., against Philo A. Matthews] originally commenced in one of the subordinate courts of Vermont, held by a justice of the peace, and was removed into this court, at the instance of the defendant, by a writ of habeas corpus cum causa, under the act of March 2, 1833 (4 Stat. 633, § 3). It was an action of trespass for taking and detaining a certain horse belonging to the plaintiff. After its removal, the plaintiff appeared and filed a motion to dismiss the case for want of jurisdiction, alleging that the cause of action did not proceed from, nor the action bring in question, any act or thing done by the defendant as an officer under the revenue laws of the United States, and that the damages demanded, being only ten dollars, were too small and inconsiderable to be the subject of adjudication in this court.

D. A. Smalley, for plaintiff.

C. W. Prentiss and L. Underwood, Dist. Atty., for defendant.

PRENTISS, District Judge. The removal of the cause to this court, and the jurisdiction of this court over it, are regulated by, and dependent entirely upon, the provisions of the act of congress of March 2, 1833 (4 Stat. 633, § 3), passed in pursuance of the clause of the constitution which declares, that the judicial power of the United States shall extend to all cases in law and equity arising under the constitution, laws or treaties of the United States. After giving, in general terms, jurisdiction to the circuit courts in all cases arising under the revenue laws, the act provides that, "in any case where suit or prosecution shall be commenced in a court of any state, against any officer of the United States, or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof," &c., "such officer or other person may, at any time before trial, remove the cause into the circuit court for trial." The act prescribes the mode of removal and what shall be necessary to effect the removal. There must be a petition to the circuit court, setting forth the nature of the suit; an affidavit, verifying the petition; and a certificate, signed by an attorney or counsellor-at-law, stating that, as counsel for the petitioner, he has examined the proceedings against him, and has carefully inquired into all the matters set forth in the petition, and that he believes the same to be true. The petition, affidavit and certificate being presented and filed, "the cause," as the act declares, "shall, thereupon, be entered on the docket" of the circuit court, "and shall be thereafter proceeded in as a cause originally commenced in that court."

The clerk of the circuit court is, thereupon, to issue a writ of certiorari, or a writ of habeas corpus cum causa, as the case may require, which shall be served in the manner prescribed by the act. And the act then proceeds to say that, thereupon, it shall be the duty of the state court to stay all further proceedings in the cause, and that the suit, upon the service of such writ of certiorari or habeas corpus, shall be deemed and taken to be moved to the circuit court, "and any further proceedings, trial or judgment therein, in the state court, shall be wholly null and void."

The action, when thus removed here, is to be proceeded in as a cause originally commenced in the circuit court. But any action in this court, either original or removed, may be dismissed upon motion founded upon proper matter, and showing that the court has not jurisdiction of the case or that it was irregularly brought here. If the property sued for in the present action was of such a nature as not to be liable to seizure under the revenue laws of the United States under any circumstances, it might, perhaps, be said to be apparent, that the case does not come within the act of congress, and, on that assumption, supposing it to be well-founded, the cause might properly be dismissed on motion, and be remanded to the state court. But horses are not only property subject to duty, and liable to seizure on being imported contrary to the provisions of law, but become forfeited whenever employed as the means of transporting or bringing into the country any goods illegally imported; and, whether the horse in question was in truth seized and taken by the defendant in the exercise of his functions and performance of his duty as an officer of the customs under the revenue laws, as set forth in his petition for the removal of

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the cause, is a matter of fact belonging to and forming a part of the merits of the case. It is involved in the inquiry whether the taking and detention were lawful and justifiable, and must be determined, not in a summary way, on motion and affidavits, contradicting and denying the facts so stated and verified in the requisite form, but on trial of the merits in the usual course of proceeding.

As to the inconsiderable value of the property sued for, or the small amount of damages demanded in the action, it is sufficient to say, that jurisdiction and the right of removal are given "in any case" falling within the particular class of cases provided for, without any regard to the amount in controversy in the suit. We can, therefore, make no distinction between a suit involving much and a suit involving little, because the act makes none. Nor can we, for the same reason, go into any considerations of expense or inconvenience to the parties, as compared with the amount in controversy. These are all matters of legislative rather than of judicial cognizance. It may be observed, however, that, though the property be of small value, the principle or question of authority involved in the case may be important, and such as ought to be decided by the national rather than the state judiciary. It may also be added, that the jurisdiction of justices of the peace being, by the state law, final, where the sum demanded in damages does not exceed ten dollars, officers of the customs, unless cases so brought against them before these inferior local tribunals are liable to be removed into this court for trial, might, if not deterred from the performance of their duties, be made the victims of vexatious suits and unjust judgments.

The proceedings in removing the cause appearing to be in all respects in conformity with the act of congress, and the case consequently being regularly and rightly in court, the motion to dismiss must be overruled, leaving the plaintiff, of course, no alternative but that of prosecuting the action here or becoming non-suited.