ELIZA SHAW, APPELLANT, *v.* JAMES. G. BATES.

*Guardian's Account. Interest. Expense when heirs appeal, &c.*

1. The commissioner charged the guardian with *annual interest*, having found that he received the same on the funds of his ward, and allowed him *annual interest* on his expenses and disbursements. *Held*, correct.
2. When the heirs of a ward appeal from the decision of the Probate Court, the guardian is entitled to his *reasonable expenses* in *accounting ;* and the County Court have the power to, and *should allow* them, as attorney fees, &c.

THIS case was heard on the report of a commissioner, at the May Term, 1880, BARRETT, J., presiding,

It was an appeal by Eliza Shaw from a decision of the Probate Court for the district of Hartford. Upon the report of the commissioner the court rendered judgment, *pro forma*, that the defendant is chargeable for the sum of $1,985.91, for funds in his hands as guardian, and that the appellant recover her taxable costs ; and ordered judgment to be certified to the Probate Court, to which *pro forma* judgment the defendant excepted. The de-

fendant moved he be allowed, out of said sum of $1,985.91, the following items :

| | |
|---|---|
| Defendant's costs before commissioner, | $31 94 |
| Defendant's bill for time and expenses since the appeal, $68.47, including two items referred to, | 73 94 |
| For prospective taxes, | 15 25 |
| Fees paid his attorneys, | 59 76 |
| "         "         " | 37 00 |
| | $217 89 |

But the court decided, as matter of law and not discretion, that the court had no power to allow any part of said sums making up said $217.89, and disallowed the same, to which the defendant also excepted. Exceptions allowed.

*William E. Johnson*, for the plaintiff.

*Gilbert A. Davis*, for the defendant.

The opinion of the court was delivered by

Ross, J. I. The commissioner has found that the defendant received annual interest on his ward's money. He has for that reason charged him with annual interest on the funds in his hands, and allowed him annual interest on his expenses and disbursements. The defendant's account, as rendered, contains no account of the interest, which he has actually received. It is conceded that the rule is that he is not to make a gain from the funds he holds in trust for the ward. It is not apparent that the method of computing interest adopted by the commissioner makes him chargeable for more interest than he has received. On his failure to account for the interest received, he cannot complain if he is charged with interest cast in the same method which he admits has been used in computing interest on the investments. It is contended, however, that this method allows him nothing for loss of interest on money kept on hand for current disbursements. In the account he is allowed a gross sum for loss of interest in this respect. The rules applicable to a guardian in accounting with

his ward were recently considered and stated in *Farwell* v. *Steen*, 46 Vt. 678, and need not be repeated. We find no error in the method of computation of interest adopted in this case on the facts reported by the commissioner. To adopt the method contended for by the defendant's counsel, would be likely not to make him chargeable for all the interest he has received, and encourage guardians and others holding money and other property in trust, when accounting, in withholding knowledge of what gains they have received, by way of interest, or otherwise, on the trust property.

II.   The County Court as a matter of law decided that it could not allow the defendant any of his reasonable expenses and disbursements incurred in the accounting in that court. In this, we think, the County Court was in error. We have no statute giving the County Court such power. The section of the statute (s. 35, p. 374) does not cover nor apply to such expenses and disbursements. But the defendant's relation to the money and property of his ward was that of a trustee. A trustee is entitled to be reimbursed out of the fund for his reasonable expenses and charges incurred in good faith, in the exercise of common prudence, in administering the trust. *Rensselaer & Saratoga R. R. Co.* v. *Miller & Knapp, Trs.*, 47 Vt. 146 ; *Moore* v. *Jones et al.*, 23 Vt. 737. Expenses and disbursements incurred in administering the trust, and made necessary by the negligence or fault of the trustee, or in resisting the proper and lawful demands of the *cestui que trust*, are not allowed. The decision of the County Court was without reference to the rules governing such allowances, and placed solely upon the power or right of the court to allow or consider them. Any court charged with the settlement of the trustee's account must, as incident thereto, be clothed with power to make all proper allowances for expenses and disbursements made or incurred in the legal administration of the trust. In no other way can such court whether probate or other court, settle the account of the trustee, and ascertain the sum for which he should be chargeable. This power of necessity inheres in the court charged with the duty of making a final settlement of the

trustee's account, and includes the allowance and settlement of expenses legally incurred in the accounting before such court, as well as those antecedently incurred. In appeals from the Probate Court, as has been repeatedly held, the County Court acts as, and is clothed with all the powers of the Probate Court. It is quite probable that the allowances claimed by the defendant might properly be considered, and allowed or disallowed, by the Probate Court, on the final adjustment when the case has been certified back to that court. It might, however, be embarrassed by the refusal of the County Court to consider these items incurred in the proceeding in the latter court. It is apparent that the County Court could best judge of the necessity and propriety of such expenses and disbursements. It would be unfair to remit the defendant to the Probate Court embarrassed by the refusal of the County Court, unreversed by the decision of this court. The County Court having erroneously refused to consider the defendant's claim for these allowances, and all the facts in relation thereto being now in the commissioner's report before this court, it is for this court to render such a judgment as the County Court should have rendered. The commissioner has found that the guardian has managed the trust with prudence ; kept the money of the trust separate, and securely invested ; that he presented a full and detailed account of all the money received and paid out by him for the ward, and of his own time and expenses about the trust, to the Probate Court, and then settled the same on full notice to the appellant and others interested in the trust"; that the claimed allowances are reasonable in amount, and necessary to enable him properly to prepare and present his account to, and conduct his cause before the commissioner. On these facts, although the appellant has succeeded in getting some of the allowances reduced, so that a larger sum is found in the hands of the guardian, it would seem that the expense of the reaccounting was not so much through the fault or neglect of the defendant, as through the fault and neglect of those interested ultimately in the fund, in not attending before the Probate Court, and having the matter there fully adjusted. The reduction in the allowances to the defendant are mostly in the *per diem* for his personal ser-

vices. The Probate Court is so constantly engaged in the settlement of such accounts, and so familiar with what is a proper charge per day for the services, that the defendant might well rely upon the allowances in this particular by the Probate Court, as being just and reasonable, and cannot be charged with attempting to wrong or defraud the *cestui que trust*, by accepting the same, when unobjected to. We think, under the circumstances of this case, the defendant should be allowed to deduct these expenses and disbursements from the fund found in his hands, as well as the costs taxable in favor of the appellant. The defendant recovers his costs in this court, and we make no other allowances therefor. The judgment of the County Court is reversed, and judgment rendered, that the defendant is chargeable with the sum found in his hands by the County Court less $217.89, with interest cast on the two sums to the present time. The appellant's taxable costs are to be deducted from the balance thus ascertained. This judgment to be certified to the Probate Court.