ESTATE OF RUFUS PERKINS v. HIEL HOLLISTER, EXECUTOR.

*Executors and Administrators. Interest.* R. L. s. 2097.

An executor is chargeable only with simple interest, although he mingled and loaned the funds of the estate with his own, when he did so in good faith, disclosing all the profits, and, without fault or want of prudence, suffered some losses, but claimed no deduction therefor and nothing for his services, when such interest exceeds what he actually received on the funds, and the funds had not been used in business, trade or speculation.

APPEAL by defendant from a decree of the Probate Court in the settlement of his account as executor of the estate of Rufus Perkins. Heard on a commissioner's report, September Term, 1885, Rutland County, Veazey, J., presiding. Judgment on the report, allowing only simple interest against the defendant. Exceptions by the plaintiff. The case appears in the opinion.

*Beaman & Platt* and *Lawrence & Meldon,* for the plaintiff.

The executor is chargeable with the highest legal rate of interest on the money mingled with his own. *McCoskey* v. *Gleason,* 56 Vt. 264; *Spaulding* v. *Wakefield,* 53 Vt. 660; *Farwell* v. *Steen,* 46 Vt. 678; *Boynton* v. *Dyer,* 18 Pick. 1; *Raphael* v. *Boehn,* 11 Ves. 92; *Bradford Academy* v. *Grover,* 55 Vt. 462; *Evarts* v. *Nason,* 11 Vt. 122; *De Peyster* v. *Clarkson,* 2 Wend. 78.

*Barrett & Barrett,* for the defendant, cited *Barney* v. *Parsons,* 54 Vt. 623, and the Vermont cases cited by the plaintiff.

The opinion of the court was delivered by

WALKER, J. The sole question presented in the argument of this case is what rate or amount of interest shall be charged to the defendant Hollister on the trust fund that has been in his hands since 1858 as executor of the last will and testament of Rufus Perkins.

The commissioner appointed to take and state the executor's account of the trust funds charged him in the accounting with simple interest on the funds of the estate from the time he received them, and credited him with the disbursements made with simple interest thereon, and allowed him nothing for the responsibility and care of the funds. The County Court accepted and rendered judgment on the commissioner's report, allowing the account as made up and stated by him. The plaintiffs claim that there was error in this judgment, and insist that upon the facts found and reported by the commissioner, the executor should have been charged with annual interest.

It is a fundamental principle that it is the duty of a trustee, whether an executor or administrator or guardian, or, as in case of an ordinary nature of trusteeship, to keep the trust funds separate from all other funds, and, also, when they are not to be primarily paid over, to keep them securely invested, and as profitably as he can, in the exercise of that degree of prudence which a prudent man would exercise in regard to his own funds; and that he shall derive to himself no gain or advantage by use of the trust funds, and that he shall neither make nor lose by his management of the funds; and for his lawful management thereof he shall receive a reasonable compensation. Whatever profits shall be made from the investment of the funds belong to the estate. This equitable principle is also made statutory by section 2097 R. L., which provides that "An executor or administrator shall not make profit by the increase nor suffer loss by the decrease or destruction, without his fault, of any part of the personal estate." This statute, as well as the rule in equity, requires that the

money in the hands of the executor, when not to be primarily paid over, should be invested in interest-bearing securities, and protects him from all inconvenience and loss that might result to him from the money being called for by the happening of some event making the principal fund payable to the party entitled to it.

The general rule adopted by courts in respect to interest chargeable on trust funds is to charge the executor or trustee with such interest or profits as he has received or made, or with due diligence might have made, from the money in his hands lawfully invested. And the rule is also well settled that an executor or trustee who uses the trust money in business, trade or speculation, is chargeable with interest on it; so if he mingles it with his own and uses it in common; so if he suffers it to lie idle when he might have invested it. This rule is founded in justice and good policy; it prevents abuse and indemnifies against negligence. Courts and decisions differ as to what rate of interest shall be charged in such cases; and it may be said that every case depends on its own circumstances.

WILLIAMS, C. J., in *Phelps* v. *Slade*, 10 Vt. 192, in speaking for the court upon the subject of interest, says : " It is difficult to lay down any general rule on the subject of interest applicable to every case arising upon an administrator's account. The circumstances of each particular case may vary the rule and lay the foundation for the application of a new principle. Executors and administrators are trustees, and must be faithful in the execution of their trust, and so conduct as not to subject the estate to any unnecessary expense or charge."

But it may be regarded as a well settled principle that when an executor or other trustee has invested the trust fund in his business or trade, or in speculation, or continued it in them, he may be called upon to account for the profits or for interest at the highest legal rate as a penalty for his breach of duty. 2 Story Eq. Jur., s. 1277; Hill on Trustees, pp. 372, 375; Perry on Trusts, s. 471; *Barney* v. *Saunders*, 16 How. 535.

But this rule is applied only in cases of gross misconduct, such as employing the funds in business, trade or speculation, or where the trustee has refused to disclose the profits or interest realized on the trust money. In most of the cases, if not all, where the trustee has been charged with the highest rate of interest or profits for using the trust fund in his own business, the trust fund was embarked by him in his business, or used in trade or speculation. The same principle is applied where the trustee has neglected or refused to disclose the interest or profits realized on the trust fund.

Justice GRIER, in *Barney* v. *Saunders*, 16 How. 535, clearly and tersely states the rule as follows : " On the subject of compounding interest on trustees, there is, and indeed could not well be, any uniform rule which could justly apply to all cases. When a trust to invest has been grossly and wilfully neglected, where the funds have been used by the trustees in their own business, or profits made, of which they give no account, interest is compounded as a punishment, or as a measure of damages for undisclosed profits, and in place of them. For mere neglect to invest, simple interest only is given."

In *Schieffelin* v. *Stewart*, 1 John. Ch. 620, where the administrator had used the money of the estate in his business, and had made large loans for his own benefit, and had not disclosed the profits of the money so invested, Chancellor KENT said : " The only question in the case is whether the charge of compound interest be proper. It was the duty of the administrator to have made distribution of the assets or placed them in a situation to become productive and to accumulate for the heirs. He did neither, but employed the money in his own business or trade, or in making large loans for his own benefit, and as he has not disclosed, as he might have done, to the master, what were the profits of the assets so employed, it appears to me, as well on principle as on authority, that he is justly chargeable with the interest (compound) contained in the report. The only way for the plaintiff to avoid this conclusion was by fairly disclosing what he had made by the use

of the money. It is certain that the allowance of compound interest is often essential to carry into complete effect the principle of the court, that no profit, gain or advantage shall be derived to the trustee from his use of the trust funds. It secures fidelity and removes temptation, and it is the ground of the allowance of annual rests in taking the account where the executor has used the property and does not disclose the the proceeds." The same same principle is laid down by Chief Justice TILGHMAN in *Fox* v. *Wilcocks*, 1 Binney, 194; also in *Findlay* v. *Smith*, 7 Serg. & Rawle, 264.

In *McCloskey* v. *Gleason*, 56 Vt. 264, Judge Ross, in delivering the opinion of the court says: "Instead of relaxing the rule charging the trustee—who so intermingles the trust estate with his own that he cannot tell what property belongs to the estate, nor what gains he is making thereon—with the highest legal rate of interest, and allowing him nothing for his services, it should be made more stringent."

It remains to apply these principles to the case at bar upon the facts found by the commissioner.

The commissioner finds that the executor mingled the trust funds with his own moneys, and loaned, invested and used the money of the estate as he did his own, and in connection with his own, and kept no separate account of profits or interest coming to his hands from the funds of the estate, and that the executor honestly supposed this was the proper way for him to do, understanding that he should account for the funds in his hands belonging to the estate with interest, and that the estate was made secure by his bond as executor; that the executor suffered considerable loss in his loans and investments wherein the funds of the estate were mingled, but that said losses did not appear to arise from any fault or want of prudence on the part of the executor; that it did not appear, and was not claimed upon the accounting, that Hollister, as such executor or otherwise, had received from loaning or investing the funds of the estate by the way of profits, interest or income, a sum in excess of simple interest thereon; and that by charging the

executor with simple interest on the trust funds from the day he received them till the time of the accounting before the commissioner, he will stand charged, by way of interest, profit and income on said trust funds, with a greater sum than he in fact received thereon during said trust; that the executor, in view of the uncertainty of the duration of his trust, prudently made provision by way of investments, whereby he might be might be able to meet the requirements of the trust in being called upon at any time to pay over the funds; and that the executor admitted his liability to account for all the money of the estate that came to his hands, with simple interest thereon during the trust, claiming to be allowed in the accounting only for disbursements and payments made by him, which were conceded upon the hearing, and asked no allowance for the care of the funds.

From the facts found it appears that the executor, in good faith, mingled and loaned the funds of the estate with his own funds, and without fault or want of prudence on his part, suffered some loss in the loans wherein the funds of the estate were mingled, but he claims no deduction for such losses, and is willing to account for a greater rate of interest than the commissioner in fact finds that he received by way of interest, income or profit from the money of the estate.

The commissioner does not find that he was wanting in prudence or business discernment, or any way in fault for not receiving or realizing more than simple interest from the money of the estate.

The executor discloses all the profits, and charges himself with more than he actually received on the fund. The trust to invest has not been grossly and wilfully neglected, the fund has not been used in business, trade or speculation. The facts found by the commissioner do not bring the case within the terms of the rule imposing the highest lawful rate of interest on the trustee as a punishment or measure of damages as laid down by Justice GRIER in *Barney v. Saunders, supra,* and the elementary works and other cases cited above. While we

recognize and endorse the principle of dealing rigorously with trustees where the trust money is employed in business, trade, or speculation, or otherwise misappropriated, and where the trustees neglect or refuse to disclose the profits or income realized on the trust fund, we do not think that the facts found by the commissioner in this case warrant the imposition of annual interest on the executor as a punishment or measure of damages for undisclosed profits. To charge annual interest to the executor upon the facts found would be oppressive and unjust.

The judgment of the County Court is affirmed, and the same is ordered to be certified to the Probate Court.