*In re* CHAUNCEY WORCESTER'S ESTATE. M. F. MORRISON, ADMINISTRATOR; ADELINE WORCESTER, APPELLANT.

*Executors and Administrators. Homestead. Widow. Practice.*

1. The administrator was licensed to sell the real estate at public or private sale, and sold it at public action to the highest bidder; but before making the deed he was informed that he could sell it for more than the auction price, and although no memorandum had been made, believeing that the sale was binding upon him, he consummated it. Neither bad faith nor neglect of duty was found; *Held*, that he was chargeable with only what he received for the land.

2. When a homestead is a part of premises encumbered by a mortgage executed by a husband and his wife, it is under the burden of bearing its proportion of the mortgage debt.

3. A widow by consenting that the administrator of her deceased husband's estate might sell under order of court premises in which she has a homestead interest, does not waive her rights to the homestead fund.

4. But the court declined to decide whether the administrator could use the homestead fund to pay the expenses of this appeal, which was taken by the widow from the order of the Probate Court allowing his account, as that question is not before the court.

APPEAL from a decree of the Probate Court for the District of Windsor. Heard by the court, May Term, 1887, ROYCE, Ch. J., presiding. Judgment affirming the decree of the Probate Court.

The Probate Court allowed the administrator's account and ordered the balance of the estate to be paid to the appellant.

It appeared from the report of the commissioner that the mortgage on the premises amounted to $1,093.27; that the debts allowed by the commissioners on the estate amounted to

In re Worcester's Estate.

$397.26, not including the mortgage; that it did not appear that there was an order of court directing the administrator to pay out any part of the estate, but that the widow, the appellant, directed him to pay the debts allowed by the commissioners; that he paid two claims before they were allowed and before she gave the said direction, but which were afterwards allowed; that the administrator received for the premises $386.73, after deducting the mortgage from $1,480, the amount for which both pieces of land sold for. It also appeared from the administrator's account that the estate was credited with $1,087.98, for personal property, including the said $386.73; and that it was charged with $957.18, leaving in the hands of the administrator $130.80.

The charges were as follows:

| | | |
|---|---|---:|
| 1. To funeral charges, etc., Schedule B, | . . . | $ 36 50 |
| 2. " paid taxes and insurance, Schedule C, | . . | 36 62 |
| 3. " paid list of claims, | . . . . . . | 397 26 |
| 4. " paid interest to G. W. Ayres, | . . . . | 2 20 |
| 5. " comm'r and apprs. probate fees and printing, Schedule D, | . . . . . . | 41 43 |
| 6. " miscellaneous bills, Schedule E, | . . . | 117 92 |
| 7. " paid widow, Schedule F, | . . . . . | 135 08 |
| 8. " personal property used by widow, | . . . · | 99 64 |
| 9. " adm'r's services, Schedule G, . | . . . . | 38 98 |
| 10. " paid att'y bills, . | . . . . . | 45 05 |
| 11. " paid probate fees in settlement, | . . . | 6 50 |
| | | $957 18 |
| 12. " paid expenses in this suit, | | |
| 13. " time spent in this suit, | | |

No. 6, Schedule E, was made up of a number of small charges: as paid for weighing hay, $2; for counsel fee, $2; for recording, etc., $53, etc.; $64.33 paid out by request of the widow; and $25.50 paid for cutting and drawing wood, etc. Chauncey Worcester gave by will his entire estate to his wife, the appellant, but she waived the provisions of the will. It was found that the farm was sold below its actual value, and below the appraisal. The other facts are sufficiently stated in the opinion.

*Davis & Enright*, for Mrs. Worcester.

The homestead included both pieces of real estate. *Hastie* v. *Kelly*, 57 Vt. 293. After paying the mortgage, the balance of what the premises sold for belonged to the widow as a homestead fund. She did not waive her rights to a homestead by assenting to the sale of the real estate under the application of the administrator. *Day* v. *Adams*, 42 Vt. 516. When the widow waived the will the homestead money in the hands of the administrator was "simply a trust for the legal owners not as a fund subject to the orders of the Probate Court." VEAZEY, J., in *Probate Court* v. *Winch*, 57 Vt. 284.

And the Probate Court had no jurisdiction over it further than to order it passed over to the widow. If the Probate Court went further than that its decree was void and may be treated as a nullity. Id. 284.

In the following cases the decrees of the Probate Court were held to be void, because made in a manner not authorized by law : *Smith* v. *Rice*, 2 Mass. 507; *Proctor* v. *Newhall*, 17 Mass. 91; *Hendricks* v. *Cleveland*, 2 Vt. 337. The homestead, like the one-third of the personal estate of a person dying intestate, vested in Mrs. Worcester immediately upon the decease of her husband. *Probate Court* v. *Winch*, 57 Vt. 284, 285; *Thayer* v. *Thayer*, 14 Vt. 107; *Holmes* v. *Bridgeman*, 37 Vt. 28; *Norton* v. *Hall*, 41 Vt. 467. In *Mann* v. *Mann's Estate*, 53 Vt. 54, Ross, J., says : "By force of the statute, the homestead vested in the plaintiff on the decease of the intestate." See *Doane* v. *Doane*, 33 Vt. 653; R. L. s. 1898. None of the debts charged by the administrator were ever legally charged on this homestead in the lifetime of Mr. Worcester, nor upon the real estate in any manner. Neither in *Lamb* v. *Mason*, 50 Vt. 345, nor in *Devereaux & Meserve* v. *Fairbanks*, 52 Vt. 587, was there any question as to the homestead right of the widow, but a question of an apportionment of the burden of the mortgage between the homestead and the levy. That case was decided by a divided court, and has no application to this one.

In re Worcester's Estate.

The statute, R. L. s. 1906, provides: "If said homestead or land included therein is mortgaged by the joint deed of husband and wife, the joining of the wife in such mortgage shall have no other effect than to bar her claims to such homestead as against such mortgage." *Goodenough* v. *Fellows*, 53 Vt. 108. This mortgage has been paid out of the proceeds of the sale, and there is no pretence that such payment was by direction of the widow. The homestead is not subject to administration. Thompson on Homesteads, sec. 546. It forms no part of the estate to be administered in the Probate Court. *Carter* v. *Randolph*, 47 Tex. 379; *Estate of Tompkins*, 12 Cal. 114; *Estate of James*, 23 Cal. 415; 25 Tex. 72; 21 Tex. 665. The administrator was guilty of negligence in the sale of the premises, and he should be charged with the loss. He should have accepted the offer of $1,600. No order was made by the court for the payment of debts, and the administrator paid at his own risk. R. L. s. 2066. He paid one claim of $10 before the widow gave any direction. There is nothing in the case in which the court can find an estoppel as to the payment of items 5, 6, 9, 10. *Turner* v. *Coffin*, 12 Allen, 401; 9 Allen, 455; 2 Scribner, Dower, p. 484; 1 Lead. Cas. Eq. 302, 320; *White* v. *Langdon*, 30 Vt. 599; *Strong* v. *Ellsworth*, 26 Vt. 366.

*W. E. Johnson*, for the administrator.

1. By the finding of the commissioner and the decision of the Probate Court, there are in the hands of the administrator $130.80. The administrator should be charged with only what the premises sold for, and not for the $270 dollars in addition. No question as to this item is before the court. All matters of discretion are not revisable in this court; and whether he should be so charged is largely in the discretion of the lower court. It cannot be said there was legal error. The administrator acted in good faith; sold the property at public auction after due notice; tried to get relieved, and the purchaser refused; and sold because he supposed he was in duty

bound so to do. To hold the administrator, it must be found that he acted in bad faith.

2. The widow takes by section 1898, R. L., such a homestead as the husband died seised. In this case the real estate was sold for $1,480, and the mortgage amounted to $1,093.27. This mortgage rested evenly upon the whole premises, and as heavily on that part which would have been set out for a homestead as upon the remaining portion. Therefore, the homestead right was what was remaining after paying its proportion of the mortgage debt. The homestead must therefore pay the mortgage in the proportion that $500 bears to $1,480. By this computation the homestead must pay towards the mortgage the sum of $369.34. Deduct this amount from the $500, and it leaves the value of the homestead, which vested in the widow, $130.66. The court will therefore perceive that the homestead of the widow remains untouched and unexpended.

The law in reference to the homesteads, where they are mortgaged, has been definitely settled in this State in two cases, *Lamb* v. *Mason*, 50 Vt. 345; *Devereaux* v. *Fairbanks*, 50 Vt. 700. Whatever view be taken as the amount and value of the homestead in this case, we insist all the items in the administrator's account should be allowed out of the funds in his hands, and only the balance, as shown by his account as allowed by the commissioner, should be decreed to the appellant.

The opinion of the court was delivered by

TAFT, J. In the course of administration it became necessary to sell the real estate of the deceased. License to sell it at public auction or private sale was duly granted. It was sold at public auction to the highest bidder. After the sale and before the making of the deed, the administrator was informed that he could sell the property for two hundred and seventy dollars more than the price it sold for at auction. No memorandum in writing was made of the auction sale, and therefore

it is claimed that the sale was, under sec. 981, R. L., not binding on the administrator. The administrator believed the contract of sale binding upon him, and consummated it. We are asked to say upon the facts reported, that he should be charged with the price which, it is contended, he might have received. The vendee at the auction sale was ready to complete the purchase, and insisted upon so doing.

The evidence tended to show that the administrator had doubts as to whether the offer of the increased price would be adhered to, and whether the sale made at auction, if he attempted and failed to make another, might not be lost. No neglect of duty nor bad faith on the part of the administrator is found by the referee. It is not found that he could have completed the sale at the increased offer. We fail to see, on the facts reported, any legal reason for charging the administrator with the amount claimed, although the farm sold for less than its real value. The amount for which an administrator should be charged in case of the sale of property belonging to an estate, is not the value of the property, but what he receives for it, acting in good faith, in the exercise of ordinary care and prudence, and free from all neglect. We cannot hold as matter of law that an administrator should plead the Statute of Frauds in order to avoid a contract which he, in good faith, has made, and believes to be morally and legally binding upon him. Upon the facts reported, the commissioner did not err in declining to charge the administrator with the two hundred and seventy dollars. The appellant concedes that all the other items credited the estate are correct, unless found otherwise upon trial, and the referee reports that it was not so found. As to the items charged the estate, no question is made which would effect the judgment below, save the objection raised by the appellant, that some of the items were paid by funds which were realized from the sale of the homestead, and in fact belonged to her, and to which, as against the estate, she was entitled.

At the intestate's death his real estate consisted of his home

farm of about one hundred and ten acres and a pasture lying near to but not adjoining it, of fifty acres. The whole was encumbered by a mortgage signed by the intestate and appellant, amounting to $1,093.27. The home farm sold for $1,330, and the pasture for $150. The premises were sold by order of the Probate Court, the appellant consenting to the sale. Such consent did not bar the widow of such right in and to the homestead as she took upon the decease of her husband. The homestead was under the burden of bearing its proportion of the mortgage debt. *Lamb* v. *Mason*, 50 Vt. 345; *Devereax* v. *Fairbanks*, *ibid*. 700. It is not clear from the report that the homestead extended to and covered the pasture lot; but conceding that it did, there are still funds enough in the hands of the administrator to pay the widow the amount of her homestead interest, one hundred and thirty dollars and sixty-five cents. What the amount of her homestead interest is, and whether the appellant can claim it as against the unsettled items of the administrator's account (items Nos. 12 and 13), are questions not properly before us. All that we decide is that, so far as the account is now before us, no error appears in the judgment below, and the same is affirmed, and the cause ordered certified to the Probate Court.