FARRINGTON & POST v. HAYES & BRAINERD.

Franklin County, 1893.

Before: Ross, Ch. J., Taft, Rowell and Tyler, JJ.

*Written authority of agent.   How qualified.   Evidence.*

1.   The defendant telegraphed B., his attorney in a certain suit, "Employ Farrington & Post. Letter will follow." *Held,* That the authority thereby conferred was an absolute one to employ the plaintiffs in that suit, and that they were not bound by any limitations contained in a subsequent letter.

2.   Where an agreement has been entered into by several persons, a letter of one, written after the agreement has been executed, is not admissible to contradict the testimony of the others as to what the agreement was.

Book account.   Heard upon the report of auditors at the September term, 1892, Thompson, J., presiding.   Judgment for the plaintiffs.   The defendants except.

The defendants were the executors of Catharine Foster's will, and the plaintiffs sued to recover for services rendered in establishing that will. George A. Ballard was the attorney for the defendants in the probate court. After the cause had come from that court and stood for trial in the county court, he recommended the defendant Hayes, who had the active management of the case, to employ the plaintiffs. Thereupon, March 16, 1888, the said Hayes sent Ballard the following telegram from New York city: "Employ Farrington & Post. Letter will follow." Upon the receipt of this Ballard employed the plaintiffs, and at the same time notified them that letter was to follow. The plaintiffs never inquired afterwards as to any such letter, and were never informed as to its contents. The same day Hayes mailed Ballard a letter, instructing him not to employ the plaintiffs unless they would agree that under no circumstances should their fee exceed $500. The amount allowed them by the auditor, with interest, was $1,720.08. Ballard claimed that he never received the letter. The auditor did not determine this fact either way, but did find that the plaintiffs had no notice of its contents if received.

One charge in the plaintiffs' account was for settling a bill of exceptions after the trial in the county court. The attorneys who tried the case for the proponents in that court were Ballard, Noble, and the plaintiff Farrington. Farrington and Ballard both testified that it was agreed that Farrington should assume the chief burden in settling this bill of exceptions. To contradict this the defendants offered a letter from Noble to defendant Hayes, written December 13, 1888, the trial having been at the April term, 1888, which expressed a different understanding upon the part of Noble. This letter was excluded by the auditor.

*Hogan & Boyce* for the defendants.

An attorney has no general authority to bind his client in

the employment of counsel.  *Paddock* v.  *Colby*, 18 Vt. 485 ; *Briggs* v. *Georgia*, 10 Vt. 68.

Whoever deals with an agent having a special authority must know at his peril the extent of that authority.  *White* v. *Langdon*, 30 Vt. 599, 602, 603 ; *Sprague* v. *Train*, 34 Vt. 150 ; *Goodrich* v. *Tracy*, 43 Vt. 314 ; 1 Wait's Act. and Def., pp. 226, 227.

By referring to the letter the telegram made the letter a part of itself.  Mechem Ag., § 297.

The plaintiffs were thereby put upon inquiry as to the letter.  *Hurley* v. *Watson*, (Mich.) 13 West. Rep. 543 ; *Dozier* v. *Freeman*, 47 Miss. 647 ; 1 Wait's Act. and Def., 226, 227.

*Farrington & Post* and *Wilson & Hall* for the plaintiffs.

The opinion of the court was delivered by

ROSS, Ch. J.   The plaintiffs were employed by George A. Ballard, Esq., an attorney for the defendants, by authority communicated by telegram reading, "Employ Farrington & Post.  Letter will follow."  This telegram was shown the plaintiffs.   Although the authority of the defendants' agent to make the employment was special, the plaintiffs had no occasion to inquire into the terms giving the authority.   They had the telegram.  The authority was to be gathered from that, in the light of surrounding circumstances.   The plaintiffs knew that Ballard was the attorney of the defendants. It does not appear whether they knew he had written defendant Hayes on the subject of their employment.   The telegram gave him power to employ the plaintiffs unconditionally.   It was addressed to Ballard, presumably that he might make the employment before he could be communicated with by letter.   The letter referred to in the telegram, presumably, was to be addressed to Ballard.   Whether it would relate to what he was desired to do, or what the plain-

tiffs were desired to do, in preparing the suit which was soon coming on for trial, or to the employment of the plaintiff, or to some other matter about the suit, was wholly left to conjecture. The plaintiffs might as well conjecture the one as the other. It would be inconsistent with the terms of the telegram to suppose that the letter, if it related to the employment, imposed any conditions upon the authority thereby given without condition. No reasonably prudent business man would be led to think that it either contradicted or limited the unlimited authority of the telegram. Hence the plaintiffs were not put upon inquiry in regard to the contents of the letter in respect of the authority which Ballard had to make a general employment, such as he did make. A special or unlimited employment might not be accepted by the plaintiffs, and the peremptory terms of the telegram to employ the plaintiffs could not be complied with on such authority. There is no contention in regard to the rule of law applicable. The written authority is to be construed in the light of existing circumstances known to the plaintiffs. Unless, when thus construed, there was something calculated to put a reasonably prudent business man upon his guard in respect to the authority of the agent, it was not the duty of the plaintiffs to inquire how far the agent's acts were in pursuance with the principal's authority. *Hurley* v. *Watson*, 68 Mich. 531. The plaintiffs, not being put upon their guard in this respect, were not bound to inquire of the agent later whether he had received the letter, or what its contents were, so far as it might relate to their employment being conditional or unconditional. This renders the findings, desired by defendants' third request, immaterial, and the court properly overruled the exception thereon.

II. The trial of the will case in which the plaintiffs were employed took place at the April term of the county court. The exceptions were settled as of that term, but the date, when it was agreed between the defendant Hayes and the

counsel that plaintiff Farrington should attend to settling the exceptions, is not given. It is not shown that the excluded letter of Noble was written contemporaneously with, as a part and explanatory of that agreement. It was not therefore admissible as *res gestæ* of that agreement. So far as shown by the exceptions it was the rehearsal by Noble of his understanding of that agreement long after it was made. Hence it was no more than his statement unattested by oath without opportunity to cross-examine, made long after the transaction, and not admissible in evidence for any purpose. No other exceptions are now insisted upon.

*Judgment affirmed.*