RE ARMILDA C. BROWN ESTATE,

B. W. BROWN, APPELLANT.

WINDSOR COUNTY, 1893.

Before:   TAFT, MUNSON, START, AND THOMPSON, JJ.

*Account of administrator.   Tombstone.   Separate   estate   of
wife.   Error   must   affirmatively   appear.*

1.   Upon the question whether an administrator has properly ex-
pended $100 in the erection of a tombstone for his intes-
tate, it is proper to receive evidence as to the wishes of the
deceased and of her surviving family in this respect, and
as to the orders of the probate court made with or without
notice to the heirs, for all this tends to show whether the
administrator acted in good faith.

2.   It does not necessarily follow that a chamber set, which was
used in the family, belongs to the estate of the wife be-
cause she bought and paid for it with her own money.
The husband in the exercise of his marital rights might
have reduced it to his possession.

3.   And it must affirmatively appear that he did not in order to
reverse a judgment of the county court that the adminis-
trator of the wife is not chargeable with it.

Appeal from a judgment of the probate court for the dis-
trict of Windsor allowing the account of the administrator.
Heard at the December term, 1892, TYLER, J., presiding,
upon the report of a commissioner.   Judgment for the ap-
pellee.   The appellant excepts.   The case appears in the
opinion.

*Gilbert A. Davis* for the appellant.

The chamber set, having been bought with the wife's money, belonged to her estate. *Leavitt* v. *Jones*, 54 Vt. 423; *Spooner and Wife* v. *Reynolds*, 50 Vt. 437, 444.

*Fred C. Davis* and *W. W. Stickney* for the appellee.

The opinion of the court was delivered by

TAFT, J.  This case involves the settlement of an admin- trator's account by a commissioner appointed by the county court.  The administrator charged the sum of one hundred dollars for a tombstone or monument for the deceased, and whether that sum should be allowed him was a question be- fore the commissioner.  The commissioner received in evi- dence the declarations of the deceased in respect of her wishes as to a monument, the statements of the husband of the deceased made to the administrator in respect of the same, and the orders of the probate court setting apart the sum named for the purpose of paying for the monument. The administrator was justified in erecting a monument or tombstone, and it was proper for him to consult the wishes of the family of Mrs. Brown, and it was not error for the ad- ministrator to learn what the deceased desired in respect of something to mark her last resting place; nor was it error to receive in evidence the orders of the probate court, whether made with or without notice to the heirs.  All these matters bear to some extent upon the good faith of the ad- ministrator in the performance of his duties.  Not that he should be governed by what any one said or desired, but it was proper for him to understand all the circumstances of the case, so that he could act intelligently in the premises. There was no error in receiving the testimony excepted to.

II.  The other question is whether the court erred in not charging the administrator with a chamber set.  It was bought by the intestate, during coverture, and she paid for it.  It does not appear from the report that the property in

question ·was the sole and separate property of the wife, and unless it was, the husband by virtue of his marital rights could take it as his own.   That it was her sole and separate property must appear affirmatively, in order to show error in the judgment of the court below, as we cannot presume it.   It not so appearing, the judgment must be and it is

*Affirmed and ordered certified to the probate court.*