GEORGE B. DAVIS, ADMINISTRATOR,

v.

GEORGE T. EASTMAN, EXECUTOR.

---

JANUARY TERM, 1896.

---

*Deceased executor.    His estate accountable in probate court.    Administrator de bonis.    Statute of limitations.    Basis of decree where executor was interested in estate.    Interest.*

---

1.    The administrator of a deceased executor, who has purported to settle his final account in the probate court before his decease, may be cited before that court to account for any sum fraudulently concealed by such executor upon the settlement of the original account.

2.    Any person interested in the estate of the first intestate may prefer a petition to so cite in the administrator, and if an heir has brought such a petition, and an appeal has been taken from the decree of the probate court thereon, it is not reversible error if the county court permits the administrator *de bonis* of the first intestate to enter as a co-petitioner.

3.    The judgment upon such a petition in this case does not determine to whom the fund is payable, but simply that there is a fund, and its amount, to be paid over, under the decree of the probate court, to the proper parties.

4. The statute of limitations does not begin to run in favor of an executor or administrator as to funds which he has received and fraudulently failed to account for, until he repudiates his trust; and the mere settlement of his account in the probate court will not work such a repudiation. He must show that those interested in the estate know that he has received the funds and claims to hold them freed from the trust relation.

5. If the executor was the widow of the first intestate, her estate should not necessarily account for the full amount fraudulently concealed, but only for what would have been due from her if she had fully accounted originally.

6. On this balance annual interest should be allowed, that being the highest interest known to our law.

Appeal from an order of the probate court for the district of Caledonia. Trial by court at the June term, 1895, Caledonia county, START, J., presiding.. Judgment for the petitioner. The petitionee excepts.

*M. Montgomery* and *W. P. Stafford* for the petitionee.

The administrator of Brainard Flint's estate was not a proper party. *Davis* v. *Mayor of New York*, 67 Am. Dec., 186; *Sargent* v. *Kimball*, 37 Vt. 323; *Potts* v. *Smith*, 24 Am. Dec., 359; *Stubblefield* v. *McRaven*, 43 Am. Dec., 502; *Tock* v. *Tock*, 30 N. Y. S. 1003; *Heirs of Smith* v. *Rix*, 9 Vt. 240; *Rix* v. *Heirs of Smith*, 8 Vt. 365; *Heirs of Adams* v. *Adams*, 22 Vt. 50; *Heirs of Adams* v. *Friend Adams*, 21 Vt. 162; *French et al.* v. *Windsor*, 24 Vt. 407.

If the estate of Mary Flint is accountable at all, it should be for only such amount as would have been due from her if she had fully settled her account in the probate court originally, and a decree had been made deducting her share. *Taylor* v. *Phillips*, 30 Vt. 238; *Babbitt and wife* v. *Bowen*, 32 Vt. 437; *Hawkins* v. *Hewitts*, 56 Vt. 430; *Reed* v. *Reed*, 56 Vt. 492; *Bridgman* v. *R. R. Co.*. 58 Vt, 198; *Sawyer* v. *Heirs of Sawyer*, 28 Vt. 249; *Adams* v. *Adams,*

21 Vt. 162; *Bufford* v. *Halliman*, 10 Texas 571; *Tyler, Admr.*, v. *Wheeler, Admr.*, 160 Mass. 206.

The whole claim is barred by the lapse of more than twenty years. *Kane* v. *Bloodgood*, 11 Am. Dec., 417; Angel on Lim., s. 174 and note (3); *Shelby* v. *Shelby*, 5 Am. Dec., 686; *Collard* v. *Tuttle*, 4 Vt. 491; *Frame* v. *Kennedy*, 12 Am. Dec., 367; *Stanniford* v. *Tuttle*, 4 Vt. 82.

*Bates & May* for the petitioners.

The administrator *de bonis* was a proper party, and if not the action of the county court in allowing him to become one was not error which is revisable here. *Re Heffron*, 10 N. B. R. 213; *Re. Cal. Pac. Rd.*, 11 N. B. R. 193; *Brown* v. *Brown*, 66 Vt. 79; *Wyman* v. *Wilcox*, 63 Vt. 487.

THOMPSON, J.   In October, 1868, Brainard Flint died, testate, leaving a widow, Mary Flint, but no issue.   By his will, which was duly proved, Mary Flint was constituted his executrix, and was appointed by the probate court, accepted the trust and duly qualified, and acted as executrix.   The personal and real estate of Brainard Flint was appraised at $1,743.24 by the appraisers appointed by the probate court. She waived her rights under the will, and demanded her rights in the estate under the law of distribution.   June 19, 1869, after due notice, she settled her account as executrix in the probate court.   By this settlement, it appeared that the personal estate was not sufficient to pay the debts and the expenses of administration by the sum of $88.79, which sum in this settlement was treated as a balance due her as executrix.   The residue of the estate so far as appeared at the settlement, was the real estate appraised and inventoried at $1,100.   On the same day, the probate court assigned to her, as widow, a homestead in the real estate, of the value of $500, and decreed to her the remainder of the estate

as inventoried, as being thereto entitled under the then existing laws of distribution. No appeal was taken from this settlement and distribution.

Mary Flint died testate in February or March, 1892. Her will was duly admitted to probate, and George T. Eastman, named therein as executor, was appointed executor thereof by the probate court, and accepted the trust and qualified, and is acting as such executor. After the decease of Mary Flint and the appointment of her executor, a petition was preferred to the probate court by some of the heirs of Brainard Flint, setting forth that in her life, she received as such executrix a large sum of money belonging to Brainard Flint's estate for which she never accounted in her life, and praying to have her executor cited before the probate court to further render her account as executrix, and that her estate be held to account for such money. On hearing, the probate court denied the prayer of the petition that her estate account for such money, and from this denial an appeal was taken to the county court. In the county court the petitioners asked and were granted leave to make George B. Davis, administrator *de bonis non* of the estate of Brainard Flint, a co-petitioner, and he entered as a co-petitioner. To this being allowed to be made a party, the appellant excepted.

The county court found that April 7, 1869, Mary Flint received as assets of Brainard Flint's estate, $1,086.90, the amount of a note he held at the time of his decease against R. B. Flint, and that in her life, she never accounted for the same as executrix, but on the contrary, at the time of the settlement and distribution, June 19, 1869, she declared in the presence of the heirs present, that there was no estate except what she then accounted for.

1. The appellant contends that it was error for the court below to permit the administrator *de bonis non* on the estate of Brainard Flint to become a co-petitioner for an accounting.

Any person interested in the estate of Brainard Flint as an heir or otherwise, had a right to apply to the probate court for a further accounting in the premises. Such application could properly be made by any such person alone, or jointly with others so interested. The probate court or the county court as an appellant prabate court, could permit parties to be added or stricken out. If one person entitled to ask for such accounting, applied to the probate court for it, it would become the duty of that court to act in the matter, and it would not vitiate its proceedings if parties not in interest joined in the application with those who were interested. This point has been argued by the appellant as if the question as to the respective rights of the heirs of Brainard Flint and his administrator *de bonis non*, to any sum which may be found to be due from Mary Flint as executrix, were involved, but that question was not passed upon by the probate court, was not before the county court, and is not before this court. The question brought up by the appeal is whether Mary Flint by her representative, shall account for assets which she received as executrix for which she never accounted in her life, and if so, for what sum. When that sum is ascertained it is to be certified to the probate court to be there disposed of as the law may require. An examination of the cases shows that this is the proper procedure in a matter of this kind, where no order or decree was made in the probate court in respect to the distribution or payment of the funds found to be in the hands of an executor or administrator on final accounting. *Richardson, Admr., v. Merrill's Estate*, 32 Vt. 27; *Holmes* v. *Bridgman, Admr.*, 37 Vt. 28; *Atherton Admr.*, v. *Fullam*, 55 Vt. 388; *Perkins* v. *Hollister*, 59 Vt. 348; *In Re Worcester's Est.*, 60 Vt. 420; *Riley* v. *McInlear's Est.*, 61 Vt. 254; *Re Estate of Brown*, 65 Vt. 331; *Allen* v. *Tarbell Estate*, 65 Vt. 156; *Foster's Exr.* v. *Stone, Admr.*, 67 Vt. 336.

In *Atherton, Admr.*, v. *Fullam, supra*, the plaintiff as

administrator *de bonis non*, sought to recover of the defendant, on an administrator's bond signed by his testator, Sewell Fullam, as surety, and given by one Sylvanus C. Mathewson, the plaintiff's predecessor, as administrator of the estate of Ira Mathewson. On an appeal by Sylvanus O. Mathewson from the probate court, the county court adjudged that he had in his hands as such administrator, at the time of his removal, $350.27 belonging to the estate, and decreed that he account for the same with costs. It was held that the plaintiff's cause of action on the bond for default in not paying these sums, did not accrue until the probate court, upon the judgment of the county court being certified to it, had made a decree ordering said Sylvanus to pay to the plaintiff, as administrator *de bonis non*, the amount determined by the judgment of the county court. The strict rule requiring all parties in interest, and only such, to be parties of record, which applies in an ordinary action at law, does not govern in a proceeding of this kind. If actual or constructive notice is given as required, all parties in interest, whether they enter as parties to the proceeding or not, are bound by the judgment of the probate court in respect to all matters properly presented by an executor or administrator in his accounts as such, whether the judgment be that he shall account or shall not account. Ordinarily to enable the probate court to take action in a matter of this nature, it is only necessary that some person in interest should invoke its action. However, we do not hold that in cases requiring it, the probate court may not require an accounting even without an application therefor, by some person interested in the estate, an executor or administrator being an officer of the court for the purpose of properly administering the estate, who is required by his bond and by law to render an account of his administration within one year from the time of receiving letters testamentary or of administration, and to render further accounts of his admin-

istration as required by the court until the estate is wholly settled. V. S., ss. 2374, 2384, 2388, 2404. A judgment against the appellant does not entitle the appellees to execution against him. It does not determine who are the heirs of Brainard Flint, or who is entitled to a distributive share of his estate, or to whom the appellant shall pay any sum found due from the executrix, in the due course of administration, but it simply determines the amount for which she as executrix, by her representative, shall be charged for assets for which she has not accounted. It fixes her status and that of her representative in respect to the estate of Brainard Flint at the time of her decease. We therefore hold that it was not reversible error to permit the administrator *de bonis non* to become a co-petitioner.

2. The appellant also insists that any claim against his testate as executrix is barred by the lapse of more than twenty years since the settlement of June 19, 1869, which purported to be final, on the ground that she repudiated the trust relation, and that the statute of limitations therefore began to run from that date. This same question was before this court in *Davis, Admr.*, v. *Eastman, Exr.*, 66 Vt. 651, and it was then said :

"The probate court is not debarred from proceeding in this matter by the lapse of time. No mere lapse of time can prevent that court from enforcing the settlement of an estate. Executors and administrators hold the property of the deceased as direct trustees for the persons entitled to it, and are liable to account to the probate court for the benefit of such persons until the estate is wholly administered. A period of limitation will not commence to run in favor of trustees of this character until the trust relation is terminated or repudiated. 99 Am. Dec., 389, note ; *Kimball* v. *Ives*, 17 Vt. 430 ; *Bigelow* v. *Catlin*, 50 Vt. 408 ; *Drake* v. *Wild*, 65 Vt. 611. The settlement of an estate on what purports to be a final account is not necessarily a termination of the trust. If assets remain in the hands of the accountant undisclosed he continues to hold them in his fiduciary capacity. It cannot be said that this executrix ever repudiated the

trust relation. She fraudulently kept from the heirs the knowledge which might have given her conduct the effect of repudiation."

The facts in respect to the concealment of the fact, by the executrix, that at the time of the settlement of June 19, 1869, she had received $1,086.90 on the R. B. Flint note belonging to her husband's estate, and for which she should then have accounted, are substantially the same in the case at bar as they appeared in that case. A party setting up the statute of limitations must prove such facts as bring the case within it. To make it operative in this case, the appellant must establish that the heirs of Brainard Flint knew at the time of said settlement or at a period more than six years and thirty days next before the death of Mary Flint, that she had received this money, and claimed it as her own, repudiating the trust and the right of the estate or the heirs to the money. So far as the case discloses, the appellant failed to do this, and the statute of limitations is no bar to the accounting.

3. The county court charged the estate of Mary Flint with the $1,086.90 and interest thereon, making in all the sum of $2,603.80, to which judgment the appellant excepted. This exception must be sustained. Her estate must account as of June 19, 1869, for so much of Brainard Flint's estate not accounted for, as by law did not belong to her. All the debts had been paid by her. As the law then stood, she was entitled, after the payment of debts, and other charges, and the expenses of administration, to a homestead of the value of five hundred dollars, the further sum of one thousand dollars and one-half of the residue of the estate, personal and real. She took this as a matter of right under the statutes relating to descent and distribution of estates, and it vested in her by law at the death of her husband. Gen. Sts. Ch. 51, s. 1, and Ch. 56, s. 1; *Sawyer* v. *Sawyer*, 28 Vt. 249; *Johnson* v. *Johnson*, 41 Vt. 467. Having been wilfully in default in not accounting for the avails of

the R. B. Flint note, she was not entitled to any compensation in respect to what she may have done in collecting and caring for the same. *Shaw* v. *Bates*, 53 Vt. 360 ; *McClosky* v. *Gleason*, 56 Vt. 264 ; *Foster's Executrix* v. *Stone, Admr.*, 67 Vt. 336. It does not appear that any claim for compensation or disbursements, if any, was made in the court below. Annual interest, the highest interest known to our law, is to be charged on the sum for which her estate must account, from June 19, 1869, to March 6, 1896, the last day of this term. *Spaulding* v. *Wakefield's Est.*, 53 Vt. 660 ; *McClosky* v. *Gleason*, 56 Vt. 264 ; *Walton, Admr.*, v. *Hall's Est.*, 66 Vt. 455 ; *Foster's Executrix* v. *Stone, Admr.*, 67 Vt. 336. Applying these principles, we deduct the balance of $88.79 found due the executrix at the settlement, from the $1,086.90, and there remains a balance of $998.11 of the personal estate, after the payment of all charges. This balance with the real estate appraised at $1,100, makes a total of $2,098.11. Of this sum, the executrix, as widow, was entitled to $500 for a homestead, $1,000 and one-half the remainder, being $299.055, making in all $1,799.055. This deducted from the total amount of $2,098.11, leaves $299.055, to which she, as widow, was not entitled. The annual interest on this sum is $849.14, which makes $1,148.20 for which the estate of the executrix must account.

*Judgment reversed, and judgment that the appellant as executor of Mary Flint, deceased, account for $1,148.20, as the amount for which she is in arrears as executrix of the last will of Brainard Flint, and that the same be enrolled as a valid claim and charge against her estate, to be paid and satisfied out of the assets therefore, the same as other debts and charges against it. The appellant to recover his costs in this court, and the appellees to recover their costs in the court below. To be certified to the probate court.*