LUTHER MERRIAM, ADMR. *de bonis non* OF S. K. DEXTER, *testate v.* S. S. HEMMENWAY, JOHN P. SARTLE, & GEORGE C. PECK.

[IN CHANCERY.]

*Probate Court. Jurisdiction, &c.*

Where D. by his will made his wife executrix, and also named her trustee of cer tain property, consisting of notes, and she administered in part upon D's es tate, and was appointed trustee by the probate court and gave bonds; and soon after she deceased, and S. & P. were appointed administrators of her estate; and the plaintiff was appointed administrator *de bonis non* of the estate of D.; the notes having become due, being in the hands of S. & P. who claimed to hold them as administrators; and the plaintiff claiming to have and collect them, as administrator *de bonis non* of D. and for the purpose of obtaining and collecting the same brought his bill in chancery—*Held*—That the probate court has jurisdiction of the mattter, and the accounting cannot be taken out of that court into the court of chancery. *Held* also, that S. & P. have the rightful pos session of the securities, and that it is their duty to settle the trustee account of the intestate in the probate court, and to collect and manage the trust fund, until they can settle the account, and that the plaintiff has no legal control over the same.

THIS is a bill of foreclosure, claiming three notes, specified in a certain mortgage, to be due to plaintiff's testator, but in the hands of defendant, Sartle.

The notes and mortgage are dated, May 31, 1847, one for $200, in one year, and two for $300 each, in three years, all of which were admitted by Hemmenway, to be due, except what is indorsed thereon, being the $143, on the $200 note, and $36 on each of the $300 notes paid to Nancy P. Dexter, and $40,50, paid to defendant, Sartle, as interest. This being the only evidence in the case of the existence of the notes, or of their being due, must be taken to be true, or the plaintiff fails in his proof on the chief issue. This would leave some $700, or more due upon the notes.

Stephen K. Dexter's will is proved the 22d day of December, 1847, and Nancy P. Dexter appointed executrix.

The will gives her $100 in money, and "all the money which remains due to me in notes, in Barton, or elsewhere, and also all the money or other property, which I have not otherwise disposed of in this will, which is on hand or due to me, I leave for the support of my beloved wife, N. P. D., in addition to what I have

heretofore given her in this will. She is to have the whole control and management of the same, and use it in any suitable manner, for her support, and if she causes any interest or income to arise from it, *that shall be hers forever*, and if when she ceases to be my widow, any part of the principal money or property is left unexpended, it is to be divided equally among my children," &c.

Mrs. Merriam is given $300, and Mrs. Heath $200, out of the Hemmenway notes—when they became due, without interest. They are expressed also, to be paid out of the notes due in about three years, showing that reference is had to the $300 notes. The will appoints Nancy P. Dexter, "*trustee*," "to settle my business, and manage the same, and do any business required of her to do." She inventoried all these notes as belonging to S. K. D.'s estate. On the 10th day of January, 1849, Nancy P. Dexter rendered her account to the probate court, and was therein charged with all these notes, and credited with her own legacy, $100, payment of debts, expenses of administration, &c., leaving a balance in her hands of $1,052,58, and is appointed "trustee" of this property, under the will, for Mrs. Merriam and Mrs. Heath, and one other, all being children of the testator and joint residuary legatees, who in the appointment of Mrs. Dexter, as trustee, are expressly named by the probate court, as *cestui que trusts*, and she gave bonds, as trustee.

Soon after this Mrs. Dexter dies, and Sartle & Peck are appointed her administrators, and the plaintiff also, on the estate of S. K. Dexter. These notes have since become due, being in the hands of defendants, Sartle & Peck, who claim to hold and collect them, as belonging to the estate of Nancy P. Dexter, and plaintiff claims to have and collect them, as belonging to the estate of Stephen K. Dexter ; and if the estate of Nancy P. D. have any further interest in them which is denied, it is said her representatives must come to the plaintiff, and not compel him to go to them.

Chancellor COLLAMER dismissed the bill, from which decree the plaintiff appealed.

*S. A. Willard* and *J. H. Kimball* for orator.

*T. P. Redfield* and *J. P. Sartle* for defendants.

The opinion of the court was delivered by

REDFIELD, Ch. J.   Two general questions arise in this case. Who are the persons really interested in this fund? and how are their rights to be adjusted, and in what court?

I. In regard to the right of property in these notes at the decease of Nancy P. Dexter, the legacies charged upon them, not having then become due, it must clearly be regarded as in Nancy P. Dexter; 1st, in her own right, to the extent of the accruing interest, till due.   2. For the purposes of support, she must be regarded, as holding the balance of principal in her own right, i. e. all above the $500 legacies.   And this interest, in all reason and decency, must include expenses of last sickness and burial, and settlement of estate, for the expense of burial is reckoned as part of the expense of settlement of one's estate.   And if none of these expenses are to be reckoned, we should give a very forced and unreasonable construction to the will, and one sadly at variance with its general tenor in regard to Nancy P. Dexter.   For the testator seems to have been thoughtful and tender of her.

As to the $500, Nancy P. Dexter might hold it as executrix, under the will, or as trustee.   But, as the will names her as trustee, and as she was formally appointed as such by the probate court, by a decree, not appealed from, and which seems fairly to constitute a consummation of the account, and gave bonds accordingly, it seems to us but reasonable to treat her, as holding the balance of the principal, as trustee for these legatees.   But whether she held it as trustee or executrix, it certainly was properly under her control, up to the time of her death, and came rightfully into the hands of her administrators, and was properly retained by them, until they could close the settlement of her estate, inasmuch as they might find it necessary to use all of the fund, except what belonged to the specific legatees.   And it was more proper, under the circumstances, that they should receive the pay on the notes, and hold the $500 in trust for the specific legatees, than that they should at once, be deprived of the property, and then look to the plaintiff for what belongs to them.   Nancy P. Dexter seems, by the will, to have had the primary right, and the entire control and management of the fund, during her life, with this qualification, that after the legacies charged upon them became due, she was to see it paid, doubtless.   But this she would

do, rather as trustee, than executrix, and as to all the rest, she held it in her own right, and for her own benefit, as is held in McKrorky's Appeal, Law Register, April 1853, p. 342.

After the decease of Nancy P. Dexter, it was the duty of her administrators to settle her account, as trustee, in the probate court, and this could not be done, until her own estate was settled. And had her right ceased by marriage, or removal by order of the probate court, the plaintiff could not have pursued her in any other court than the probate court. A common law action of account will not lie in such case, as was expressly held by this court in *Curtis* v. *Curtis*, 13 Vt. 517. And we see no better ground for taking the matter of accounting out of the probate court, into the court of chancery. And to settle the matter by fractions, in the manner attempted in this case, is still more objectionable. The proper place to have these matters all adjusted, is undoubtedly the probate court. If any suggestion of waste or want of responsibility, in the trustee, or her bail, were made, a court of chancery would no doubt come in aid of the probate court, and thus enable the plaintiff to preserve the trust fund, but in that case the probate court would still retain the principal jurisdiction of settling the account of the trustee. And the only mode in which the defendants, Sartle & Peck, can save the trustee's bond is, to settle her account as such, in the probate court, and pay over the trust fund to those entitled to receive it. And it is not certain that the plaintiff is entitled to any of this fund, and if so, to what amount. This must be determined in the probate court.

The lien of N. P. Dexter's estate is an entire one, upon all the property of Stephen K. Dexter, in her hands, and for this purpose she may collect, invest, and manage, at her own discretion, according to the will, during her life or widowhood. And the administrators of the trustee must of necessity, do the same, until they can settle her account in the probate court, in the shortest reasonable time.

The defendants, Sartle & Peck, having then the rightful possession of the securities, and an entire lien upon them, to some extent, it is not for the administrator, *de bonis non*, of Stephen K. Dexter to demand this security, or any other, in particular. The defendants have the rightful control of them all, as against the estate of Stephen K. Dexter, until their lien is ascertained and

satisfied, and the balance belongs to either Stephen K. Dexter's estate, or the legatees under his will, and the probate court are in the first instance, to determine this, also how and to whom the ultimate balance shall be paid, and any one interested may appeal if dissatisfied. This is the natural, expeditious and simple course of the law in this matter, and is altogether consistent with the opinion of the late. Ch. J. of this court, in *Merriam, Admr.* v. *Brown et al.* [Read at the hearing from manuscript.]

The only possible embarrassment attending this course is, that the securities are still nominally payable to Stephen K. Dexter's estate, and if sued at law, must probably be sued in the plaintiff's name. This may have led the plaintiff into the mistaken apprehension, that he had the legal control of the securities. But it is not uncommon for the equitable interest in debts, to be in one, and the legal interest, in another. In such case, the one beneficially interested may collect without suit, may foreclose in equity, in his own name, or may compel the one holding the legal interest to suffer a suit to be brought in his name, for the benefit of the one beneficially interested.

Decree affirmed.