## BIGELOW *v.* CATLIN.

*Equitable Assignment.    Trusts.    Statute of Limitations.*

On July 25, 1870, H., *cestui que trust* under the will of M., drew an order on the trustee, directing him to pay B., or order, $500 from the proceeds of the estate, "part of my share in said estate under the will." On the next day, the trustee wrote his acceptance thereon, therein stating that he had charged the sum to H., "to be deducted from his share of the proceeds of the estate," and signing as "trustee under the will." In a few days thereafter the order was passed to plaintiff for value; and on or about February 28, 1877, assumpsit was brought thereon. *Held*, that the order was an equitable assignment of so much of the trust fund, and its acceptance an agreement to hold the same for plaintiff ; that the relation between plaintiff and defendant was a direct trust relation, and therefore the action not barred by the Statute of Limitations.

GENERAL ASSUMPSIT.    Pleas, the general issue, Statute of Limitations, and payment.    Trial by the court, September Term, 1877, PIERPOINT, C. J., presiding.

Defendant was trustee under the will of Mary M. Catlin, his wife, and on July 25, 1870, Henry G. Catlin, one of the legatees and *cestuis que trust* under the will, executed the following order :

BURLINGTON, VT., JULY 25th, 1870.

To H. W. Catlin, trustee under the will of Mary M. Catlin. Please pay Lucius Bigelow, or order, $500 from the proceeds of my mother's estate, being part of my share in said estate under the will of Mary M. Catlin.

HENRY G. CATLIN.

The defendant wrote thereon the following acceptance :

I hereby accept the above, and have charged H. G. Catlin the above amount, to be deducted from his share of the proceeds of the estate.

HENRY W. CATLIN,

July 26, 1870.                      Trustee under the will of Mary M. Catlin.

This order, so accepted, was in a few days passed to plaintiff for the full amount specified therein. On February 28, 1877, plaintiff demanded of defendant the amount due on the order, and on refusal thereof, this suit was brought. No other demand was ever made, and the order was never paid.

It appeared that at the time of said acceptance, and ever after-wards until as late as April 18, 1877, defendant had in his hands as such trustee, funds belonging to said Henry G. under said will, sufficient to pay said order.

Upon these facts the court decided that plaintiff's claim was barred by the Statute of Limitations, and rendered judgment for defendant; to which plaintiff excepted.

*A. G. Safford* and *E. R. Hard,* for the plaintiff.

It was erroneous to treat the order and acceptance as an ordinary bill of exchange. The order was payable from the proceeds of the mother's estate, and if there were no proceeds, the acceptor was not bound. He stipulated that it was to be deducted " from the share " of the *cestui que trust.* It is essential to a bill of exchange that it be payable absolutely, *at all events,* and not out of a particular fund. Byles Bills, 151, n. 1 ; *Atkinson* v. *Mancks,* 1 Cow. 691 ; *Cook* v. *Satterlee,* 6 Cow..108 ; *Moreton* v. *Naylor,* 1 Hill, 583 ; *Copperthwaite* v. *Sheffield,* 3 N. Y. 243 ; *Lowery* v. *Stewart,* 25 N. Y. 239 ; *West* v. *Foreman,* 21 Ala. 400 ; *Wooley* v. *Sargent,* 8 N. J. L. 262 ; *Mills* v. *Kuykendall,* 2 Blackf. 47.

It is also essential to a bill of exchange that it give a *personal* credit to the drawer or indorser. 3 Kent Com. 76. Here the drawer drew the order in his capacity of *cestui que trust,* the acceptor accepted it as trustee under the will, and it was payable solely out of trust funds.

The transaction amounted to an equitable assignment of the interest of the *cestui que trust,* as it was an order drawn upon a particular fund, and valid without acceptance. *Moar* v. *Wright,* 1 Vt. 57 ; *Lowery* v. *Stewart,* 25 N. Y. 239 ; *Blin* v. *Pierce,* 20 Vt. 25.

The assignee acquired the rights of the assignor, neither more nor less, and stood in his position. *Moar* v. *Wright,* 1 Vt. 57 ; *Bush* v. *Lathrop,* 22 N. Y. 535 ; 1 Perry Trusts, 882 ; Lewin Trusts, 605.

This being a trust fund in the hands of defendant, the plea of the Statute of Limitations cannot be properly interposed. An-

52

gell Lim. s. 168 ; Perry Trusts, ss. 843, 863 ; BFNNETT, J., in *Evarts* v. *Nason's Est.* 11 Vt. 123 ; *Noble* v. *Sylvester*, 42 Vt. 146.

The question here presented was adjudicated in accordance with plaintiff's claim in *Sims* v. *Sims*, 2 Hill, Ch. (S. C.) 53.

A demand was necessary to complete the cause of action. Six years had not elapsed after the action accrued, before commencement of the suit.

*Henry Ballard*, for the defendant.

The defendant, if liable at all at law, was liable as an acceptor of the order in question.

The claim was barred by the statute. The defendant accepted the order unconditionally, and charged the amount to the account of the *cestui que trust*, and suit was not brought until more than six years from the time of acceptance.

There was no such assignment as would place plaintiff in the position of the *cestui que trust*. But to the extent of the order, there was a settlement on the part of the trustee of the amount due the *cestui que trust*, equivalent to a payment to him.

The order was due immediately upon its acceptance, and no demand was necessary. *Kingsbury* v. *Butler*, 4 Vt. 458 ; Edw. Bills & Notes, 125, 137, and cases cited ; 3 Kent Com. 76, 77 ; *Ball* v. *Sims*, 23 N. Y. 570 ; *H——* v. *Hartrinck*, 7 Tenn. 733.

In equity, when there is no concurrent remedy at law, it is only in cases of an *express trust*, and when the question arises between the *cestui que trust* and the trustee, that the statute does not operate as a bar. Angell Lim. 155 ; Hill Trustees, 406, *et seq. ; Kane* v. *Bloodgood*, 7 Johns. Ch. 89. Where there *is* a concurrent remedy, the statute will operate as a bar. *Kane* v. *Bloodgood*, 7 Johns. Ch. 113, *et seq. ; Kimball* v. *Ives*, 17 Vt. 430.

The opinion of the court was delivered by

Ross, J. No lapse of time bars a direct trust. *Beckford* v. *Wade*, 17 Ves. 87 ; *Carter* v. *Murray*, 5 Johns. Ch. 522 ; *Decauche* v. *Sanetier*, 3 Johns. Ch. 190 ; *Kane* v. *Bloodgood*, 7 Johns. Ch. 89. Where a person takes possession of property in

his own right, and is afterwards changed to a trustee by evidence or construction, lapse of time may be pleaded. *Kane* v. *Bloodgood, supra.* The relation of the defendant to Henry G. Catlin was that of a direct trust. If the order in suit had never been given, Henry G. Catlin could have maintained an action for the fund sought to be recovered by the plaintiff, notwithstanding the plea of the Statute of Limitations and the lapse of more than six years since the order was given. Hence, the question to be decided is, whether subsequently to the giving of the order of July 25, 1870, the relation of the defendant to the plaintiff in regard to the sum named in that order, was that of a direct trust. It is evident that the County Court treated the order as an ordinary bill of exchange, by the acceptance of which the defendant became personally liable to pay the sum named to the plaintiff, whatever might have become of the fund on which it was drawn. We do not so regard it, but rather as an equitable assignment of so much of the trust-fund then in the defendant's hands. The order is drawn on the defendant as " trustee under the will of Mary M. Catlin." He is directed to pay the $500 from the trust fund—" the proceeds of my mother's estate, being a part of my share in said estate under the will of Mary M. Catlin." It does not state whether the estate had then been reduced to money so that it could be at once paid over to the plaintiff, nor does it state whether the amount of the share of said Henry G. Catlin in said estate had then been ascertained. There is nothing in the language of the order that looks toward the defendant's becoming personally liable upon the same. If the fund should prove insufficient to answer the order, or if the defendant should cease to be trustee, there is nothing in the language of the order to indicate the remotest expectation that in such a case the defendant, by accepting it, would bind himself personally to pay the sum named therein to the plaintiff. The language of the acceptance does not change his relations to the plaintiff nor his liability from what the order itself makes them. It is, " I hereby accept the above, and have charged H. G. Catlin the above amount, to be deducted from his share of the proceeds of the estate." The defendant does not say he has charged the amount of the order to H. G. Catlin, and

deducted the same from funds in his hands received as a part or the whole of H. G. Catlin's share in the proceeds of the estate, but that it is " to be deducted from his share of the proceeds of the estate," inferentially, hereafter, and when the estate shall have been reduced to ready money, and the amount of Henry G. Catlin's share therein ascertained by the proper tribunal. There is nothing in the language of the acceptance indicative of an intention on the part of the defendant to discharge himself from responsibility as trustee for the sum named in the order, and to substitute therefor his individual responsibility. He also signs the acceptance as trustee, and not in his individual capacity. The acceptance fully indicates that the trustee considered that the fund on which the order was drawn was amply sufficient for its payment.

Whether it was necessary for the payee named in the order to have demanded its payment before bringing suit, it is unnecessary to consider or decide. It may be that under the language of the acceptance it would not be incumbent on the payee named in the order to show that the fund was sufficient for its payment. We think that it is quite evident that it would be incumbent on him to show that the defendant continued to hold the fund and exercise the office of trustee, and that neither the language of the order nor of the acceptance would preclude the defendant from showing that the fund had been lost or taken from him without his fault, in discharge of his liability thereon. As before stated, we think that the order was an equitable assignment of $500 from the trust-fund from Henry G. Catlin to the plaintiff, and that the acceptance thereof was an agreement by the defendant to hold so much of the trust-fund for the plaintiff instead of for Henry G. Catlin—that the defendant's relation to this portion of the fund was not substantially different from what it had been when he held the same for Henry G. Catlin. The fact that the order is made payable out of a particular fund, determines that it is not in character a strictly legal bill of exchange. The relations of the defendant to this sum always having been, and still being, that of a trustee, lapse of time, under a plea of the Statute of Limitations, does not operate to bar the action.

Judgment reversed, and cause remanded, as the question of payment, which is plead, appears not to have been considered by the court in the trial.