GEO. B. DAVIS, ADMR.,

v.

GEO. T. EASTMAN, EXR.

January Term, 1894.

*Equity.  Jurisdiction in settlement of estates.  Probate
  court.  Effect of decree upon final accounting.
    Lapse of time.  Fraudulent concealment.*

1.  Equity will not interfere in the settlement of estates, so long
     as there is an adequate remedy in the probate court.
2.  An executrix settled her final account in the probate court in
     1869.  In that account she made no return of certain prop-
     erty belonging to the estate, but then and afterwards con-
     cealed the fact that she had such property.  In 1892 she
     deceased.  *Held*, that equity had no jurisdiction in a suit
     brought after her death, for the probate court could grant
     complete relief.
3.  Her decease would present no obstacle to such relief, for it is
     the duty of her personal representative to settle her account
     as executrix.
4.  Lapse of time would be no bar.  She held the property of
     the estate as a trustee, and her fraudulent concealment of
     that part sought to be recovered would prevent the running
     of the statute as to it.
5.  Granting that the probate court cannot revise its decrees after
     twenty years, which is not affirmed, there is no occasion
     here to revise a decree; for its decree upon her final
     account operated merely upon the property returned, and
     was not an adjudication that there was no other estate for
     which she should account.

Bill in equity.  Heard upon general demurrer at the June

term, 1893, Caledonia county.   Ross, Chancellor, sustained the demurrer and dismissed the bill.   The orator appeals.

*Bates & May* for the orator.

The probate court has no power over its decrees after twenty years.   *Smith* v. *Rix*, 9 Vt. 240 ; *Adams* v. *Adams*, 21 Vt. 162.

The decree of the probate court in 1869 was obtained by the fraud of the intestate, therefore equity can interfere. *Green* v. *Sargent*, 23 Vt. 466 ; *Abell* v. *Howe*, 43 Vt. 403 ; *Griffith* v. *Gody*, 113 U. S. 89 ; *Black* v. *Whitall*, 9 N. J. Eq. 572 ; Sto., Eq. Jur., s. 187.

*M. Montgomery* and *W. P. Stafford* for the defendant.

Equity has no jurisdiction.   If the orator has any remedy it is in the probate court.   R. L., ss. 2018, 2019, 2066, 2094, 2105 ; *Merriam* v. *Hemingway*, 26 Vt. 565 ; *Adams* v. *Adams*, 22 Vt. 50 ; *Boydon* v. *Ward*, 38 Vt. 628 ; *Probate Court* v. *Slason*, 23 Vt. 306 ; *Probate Court* v. *Vanduser*, 13 Vt. 135 ; *Probate Court* v. *Chapin*, 31 Vt. 376 ; *Angus* v. *Robinson's Est.*, 62 Vt. 60.

The decree of the probate court is a bar until modified in that court.   *Sparhawk* v. *Buell*, 9 Vt. 63 ; *Lawrence* v. *Englesby*, 24 Vt. 42 ; *Rix* v. *Smith*, 8 Vt. 365 ; *French* v. *Windsor*, 24 Vt. 407.

This cannot be done after twenty years.   Daniels Ch. Pr., 460 ; *King* v. *White & Hammond*, 63 Vt. 158 ; *Thorp* v. *Thorp*, 15 Vt. 105.

The intestate always repudiated any trust relation after 1869, and hence the statute of limitations has become a bar. *Kane* v. *Bloodgood*, 7 Johns. Ch. 90 (11 Am. Dec. 417) ; Angell, Lim., s. 174 and note 3, p. 172 ; *Shelby* v. *Shelby*, 5 Am. Dec. 686 ; *Collard* v. *Tuttle*, 4 Vt. 491 ; *Frame* v. *Kenney*, 12 Am. Dec. 367 ; *Stanniford* v. *Tuttle*, 4 Vt. 82.

MUNSON, J.  This bill is brought by the administrator *de bonis non* of the estate of Brainerd Flint, who died in 1868, against the executor of the will of Mary Flint, who was the wife of Brainerd and died in 1892.  Mary Flint served as executrix of Brainerd Flint's will, and rendered an account to the probate court in 1869.  The bill charges that she concealed a large part of the estate which came into her hands, and made no account of it in her settlement with the probate court ; and states that the heirs made diligent inquiry in regard to the estate, but failed to learn of the fraud of the executrix until after her death ; and prays that the defendant, her executor, account to the orator for all the money belonging to Brainerd Flint's estate not already accounted for to the probate court.  The bill is demurred to.

An accounting in this matter cannot be had in chancery if the remedy at law is adequate.  It is well understood that the exclusive jurisdiction of the settlement of estates is in the probate court, and that equity will not interfere in their settlement except to aid the probate court when its powers are inadequate to the ends of justice.  It is emphatically required by the whole tenor of our decisions that the court of equity withhold its hand unless a necessity for its interference clearly appears. If it is still within the power of the probate court to complete the settlement of this estate, it must be left to do so. The procurement of a money judgment is the only remedy now available to the orator.  He is not seeking here to enforce the restitution of any specific property.  The mere fact that the orator's demand accrues through the fraud of the deceased does not entitle him to proceed in equity, if his remedy at law is adequate.

The death of the delinquent executrix has not deprived the probate court of the power to obtain a further accounting. It is true that our statute does not in terms make it the duty of the personal representative of a deceased executor or administrator to settle the administration account of his

decedent.   But we think that duty devolves upon him without statutory requirement.   So far as we know, the authority of the probate court in this behalf has never been questioned. The death of an executor under the circumstances disclosed by the bill can have no more effect upon the settlement than the death of one who is actively engaged in the duties of administration.   We cannot hold that the death of the defendant's testatrix has deprived the probate court of the power to require this accounting, without transferring to the jurisdiction of equity the numerous cases where executors and administrators while proceeding in due course are removed by death before the completion of their trust.

The probate court is not debarred from proceeding in this matter by the lapse of time.   No mere lapse of time can prevent that court from enforcing the settlement of an estate. Executors and administrators hold the property of the deceased as direct trustees for the persons entitled to it, and are liable to account to the probate court for the benefit of such persons until the estate is wholly administered.   A period of limitation will not commence to run in favor of trustees of this character until the trust relation is terminated or repudiated.    99 Am. Dec. 389, note ;  *Kimball* v. *Ives*, 17 Vt. 430 ; *Bigelow* v. *Catlin*, 50 Vt. 408 ;  *Drake* v. *Wild*, 65 Vt. 611. The settlement of an estate on what purports to be a final account is not necessarily a termination of the trust.   If assets remain in the hands of the accountant undisclosed he continues to hold them in his fiduciary capacity.   It cannot be said that this executrix ever repudiated the trust relation. She fraudulently kept from the heirs the knowledge which might have given to her conduct the effect of a repudiation. They cannot be charged with knowledge that she claimed the estate remaining in her hands, for they did not know that there was any such estate.

The former decree of the probate court is not in the way of its requiring a further settlement.   It is true that more

than twenty years elapsed between the settlement made and the death of the executrix, and that in affirming the right of the probate court to open and correct its decrees this court has often spoken as if the right might not exist after the expiration of that period. But this case is not one that calls for a modification of the former decree. The effect of that settlement as a discharge of the executrix was limited to the estate of which she made returns. *Probate Court* v. *Merriam*, 8 Vt. 234; *Rix* v. *Smith*, 8 Vt. 365. It was not an adjudication that there was no other estate for which she should account. The injury complained of is not in the disposition of the estate of which account was rendered, but in the concealment of property which in no way entered into that account. The prayer for relief here is not an attempt to impeach collaterally the decree of the probate court, and proceedings of like extent can be had in that court without opening its decree.

We do not pass upon the question whether the bill, if otherwise proper, would be maintainable by an administrator *de bonis non*.

*Decree affirmed and cause remanded.*

Rowell, J., was absent in county court.