A similar case under another of the deeds has been here before. Ranken v. Donovan, 46 App. Div. 255, 61 N. Y. S. 542.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.

(115 App. Div. 654)

### In re TRELEASE et al.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

1. EXECUTORS—LEGATEES—PAYMENT TO THEMSELVES.

Where testator left personalty to his wife, who was also appointed executrix, to have the income for life, with "the right to use the principal if she should need it," she was entitled as executrix to pay to herself as legatee the personalty bequeathed to her, to invest the same, and use the income and the principal, if she needed it; the residuary legatees being only entitled to the remainder.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 1164, 1245.]

2. WILLS—TRUSTS—LEGATEES.

Where testator left personalty to his wife, who was also an executrix, to have the income for life, with the right to use the principal, if she should need it, the wife during her life was trustee of the remainder of the principal of the fund for the residuary legatees.

3. EXECUTORS—COEXECUTORS—CUSTODY OF FUNDS.

Where testator bequeathed certain personalty to his wife, who was also an executrix, to have the income for life, with the right to use the principal, if she needed it, the wife was entitled to the exclusive custody of the fund as against her coexecutor.

Appeal from Surrogate's Court, King County.

Judicial settlement of the accounts of Walter K. Trelease and another, as executors of the will of Francis A. Trelease, deceased. From an order (96 N. Y. Supp. 318) settling the accounts, certain residuary legatees appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Robert M. Boyd, Jr., for appellant.
Frederick M. Harris, for respondent.

GAYNOR, J. It is not easy to see what grievance the appellants assert or why they appeal. They are the residuary legatees of the testator, and one of them is coexecutor of the testator's will. By his will the testator left an amount of personalty to his wife, this executrix, to have the income for her life, and with "the right to use the principal if she shall need it." In administering the estate she has paid over to herself $1,600 under this bequest, and in her account credits herself as executrix therewith, the words being, "I have paid to myself as legatee of said deceased under and by virtue of said will the sum of," etc.

This is correct. She has a right under the will to receive the personalty bequeathed to her as aforesaid, and invest it and use the income, and also to use the principal if she needs it. On her death the residuary legatees will be entitled to any of it that remains. Meanwhile she is their trustee of the fund. Rose v. Hatch, 125 N. Y. 427, 26 N. E. 467; Leggett v. Stevens, 185 N. Y. 70, 77 N. E. 874.

There is also an appeal from an order of the Surrogate denying a motion of the co-executor that he have joint custody of the fund with the executrix.   She is given full possession and control by the will in the way above stated and is entitled to it.

The decree and order should be affirmed with costs.   All concur.