In re Estate of William H. Curtis.

February Term, 1937.

Present: Powers, C. J., Slack, Moulton, Sherburne and Buttles, JJ.

Opinion filed May 4, 1937.

*Edwin W. Lawrence* and *Wayne C. Bosworth* for the appellant.

*George W. Stone, Marvelle C. Webber* and *James P. Leamy* for the appellees.

MOULTON, J. William H. Curtis died testate on April 21, 1921. His will made the following disposition of his property: He gave to his widow, Helen J. Curtis, the use and income of his estate for life, with full right, power and authority to use so much of the principal as might, in her judgment, be necessary for her suitable support, maintenance and comfort. Upon her death, he bequeathed an undivided one-half of the residue to his sister, Jessie Schenck, free and clear of the marital rights of her husband, ''to her and her children and the survivor or survivors of them forever''; and an undivided one-half to his nephew, Arthur Tappan, if then living, but if not living at the death of Helen, then his share, after deducting a trust fund for the testator's sister, Emily Tenbroke, if living, to Tappan's children ''and the survivor of them and their heirs forever.'' The widow was named as executrix, and the will was probated in the probate court for the district of Addison. The executrix' account, filed October 7, 1922, showed a balance of $11,656.50, after paying debts and funeral and administrative expenses, all the assets so represented being notes, corporate stock and cash. On the same day a decree of distribution was entered, the

material parts of which are these: The estate was decreed "to Helen J. Curtis, his widow, with the full right, power and authority to use as much of the principal of the same as may be in her judgment necessary for her suitable support and maintenance and comfort. So much of the said principal as may remain, if any * * * at the decease of the said widow, Helen J. Curtis * * * is decreed as follows: An undivided one-half of the same, if any, less collateral inheritance tax, to Jessie Schenck, sister of the testator to her and her children and the survivor or survivors of them forever, free and clear from the marital rights of the husband of the said Jessie Schenck, as her sole and separate estate * * *. The other undivided one-half * * * is decreed, less collateral inheritance tax, to said testator's nephew Arthur Tappan * * * if he shall be living at the decease of the said widow, Helen J. Curtis; but if he shall not then be living, and testator's sister Emily Tenbroke shall then be living the sum of $500 less collateral inheritance tax, is decreed to said Emily Tenbroke, which sum shall be placed in the hands of some suitable person by the probate court for the district of Addison, as a trust fund to be used to defray the expenses of giving to said sister of the testator suitable and proper burial * * *. The residue of said undivided one-half of said estate, in case the said Arthur Tappan shall not be living at the decease of the said widow, Helen J. Curtis, is decreed, less collateral inheritance tax * * * to the children of the said Arthur Tappan and the survivor or survivors of them and their heirs forever * * *. At this time a direct inheritance tax of $16.73 is ordered to be paid by the executrix to the Treasurer of the State of Vermont, out of the said cash on hand, and the same is to be credited on the future computation of the collateral inheritance tax, if any, that may be due to the Treasurer of the State of Vermont, upon the decease of the said Helen J. Curtis. The payment of such collateral inheritance tax is hereby authorized to be deferred during the life of the said Helen J. Curtis by reason of the fact that she is given full power to use from the principal of the estate."

After the filing of the foregoing decree, Helen J. Curtis took to herself the assets of the estate and commingled the same with her own property. She died December 10, 1934, leaving a will by which she distributed her estate among her brothers and

sisters, and nephews and nieces. Since she had removed from her former place of residence, her will was admitted to probate by the probate court for the district of New Haven. The executor named in the will died soon after his appointment, and Millard F. Barnes was appointed administrator d. b. n. c. t. a. The inventory of the estate showed assets of $11,462.86, all cash on deposit in various banks.

On June 26, 1935, the Addison County Trust Company was appointed administrator d. b. n. c. t. a. of the estate of William H. Curtis, by the probate court for the district of Addison. Jessie Schenck and Arthur Tappan (both of whom had survived Mrs. Curtis) brought their petition to that court, asking that Barnes be required to account for the residue of the estate of William H. Curtis in the possession of Helen J. Curtis at the time of her death, and pay the same over to the Addison County Trust Company, Curtis' administrator. An accounting was ordered with a decree requiring payment of $6,988.08. An appeal with taken to the county court, and the Addison County Trust Company joined in the petition as party plaintiff.

In county court Barnes filed an answer in which he alleged (1) that the decree of distribution of October 7, 1922, was final, that William H. Curtis' estate was fully administered, and that neither Mrs. Curtis as executrix of her husband's estate, nor he, as her administrator, had any assets of the estate in possession; and (2) that the probate court for the district of Addison was without jurisdiction of the petition, since Mrs. Curtis' estate was in processs of administration in the district of New Haven, where the petitioners should seek their remedy.

Issue was joined upon the answer. After hearing, and a finding of the foregoing facts, the court ordered and adjudged that Barnes, as administrator, should account. The amount was not found, but Barnes having excepted, the cause was passed to this court before final judgment, under the provisions of P. L. 2072.

 The probate court has plenary and exclusive jurisdiction in the settlement of the estates of deceased persons. *Walker* v. *Hendee*, 100 Vt. 362, 364, 137 Atl. 334; *Sparrow* v. *Watson*, 87 Vt. 366, 370, 89 Atl. 468; *Hurlburt Brothers* v. *Hinde*, 86 Vt. 517, 521, 86 Atl. 739. This jurisdiction continues until the estate is fully administered and no mere lapse of time can pre-

vent the court from enforcing the settlement. *In re Fisher's Estate*, 104 Vt. 37, 39, 156 Atl. 878; *Davis* v. *Eastman*, 66 Vt. 651, 654, 30 Atl. 1, s. c. 68 Vt. 225, 231, 35 Atl. 73. Among the powers of the court "is that of determining who are entitled, under the provisions of any will, and to what they are entitled." *Keeler* v. *Exrs. of Keeler*, 39 Vt. 550, 553.

The decree in this cause was not final, because it did not, and could not, provide for the ultimate disposition of the estate. Not until the death of Mrs. Curtis could it be determined who were entitled to take the sum remaining for distribution, the respective shares of the beneficiaries therein, and the amount of the collateral inheritance tax upon each share. Such taxes are not payable until the legacies or distributive shares and the persons entitled to receive them are ascertained, and the probate court is required to find that the tax has been paid, and a copy of the receipt must be filed, before the final account can be allowed. *Barber* v. *Chase*, 101 Vt. 343, 353, 143 Atl. 302; *In re Robinson's Will*, 101 Vt. 464, 470, 144 Atl. 457, 75 A. L. R. 59. That the decree was not intended to be final appears from the clause by which the payment of the collateral inheritance tax upon the shares to be received by the beneficiaries after Mrs. Curtis' death is deferred until that time. It is clear that the probate court for the district of Addison had not exhausted its jurisdiction. *Keeler* v. *Exrs. of Keeler, supra; In re Hodges' Estate*, 63 Vt. 661, 663, 664, 22 Atl. 725.

Since Mrs. Curtis took a life estate, with the right to use the principal, she was entitled to the possession and management of the property. *Parks* v. *Missionary Society*, 62 Vt. 19, 23, 20 Atl. 107. But, as life tenant, she held it upon an implied trust for those persons who should be entitled to take in remainder. *Rhines* v. *Wentworth*, 209 Mass. 585, 588, 95 N. E. 951; *Allen* v. *Hunt*, 213 Mass. 276, 100 N. E. 552; *Leggett* v. *Stevens*, 185 N. Y. 70, 77 N. E. 874, 875; *Smith* v. *Van Ostrand*, 64 N. Y. 278, 285; *In re Trelease*, 115 App. Div. 654, 100 N. Y. S. 1051; *Hayward* v. *Spaulding*, 75 N. H. 92, 71 Atl. 219, 221; 2 Perry, Trusts (6th ed.), par. 540. At her death, therefore, the fund formed no part of her estate; since she had no power to dispose of it by her will, her legatees have no right to receive it. 1 Schouler, Wills, Executors and Administrators (6th ed.), par. 21; 2 Woerner, Treatise on the American Law

of Administration (3rd ed.), pars. 312, 317, 321. Her estate is accountable to the trust residuary estate for whatever may remain of the property which she received under her husband's will. *Merriam* v. *Hemmenway*, 26 Vt. 565, 568; *Huston* v. *Dodge*, 111 Me. 246, 88 Atl. 888, 890; *In re Belt's Estate*, 29 Wash. 535, 70 Pac. 74, 92 A. S. R. 916, 919. The trust terminated at her death, and there was no duty or right of collection and management devolving upon her administrator, as appears to have been the case in *Merriam* v. *Hemmenway, supra.* There is no claim that all items properly chargeable against the fund cannot now be determined. The probate court for the district of Addison, which, as we have seen, has jurisdiction of all matters connected with the settlement of the estate of William H. Curtis, and, upon appeal therefrom, the county court as a higher court of probate with coextensive jurisdiction (*Everett* v. *Wing,* 103 Vt. 488, 493, 156 Atl. 393), had authority to order the accounting in order that final distribution should be made in accordance with his will. *Allen* v. *Hunt, supra.* The fact that Mrs. Curtis' administrator has received his appointment from the probate court for the district of New Haven does not affect the situation. The Addison County Trust Company, administrator d. b. n. c. t. a. of her husband's estate, is, under the circumstances, a proper party to the proceeding, since it is the agency through which distribution and payment of inheritance taxes must be made, if anything remains for this purpose. *Davis* v. *Eastman,* 66 Vt. 651, 30 Atl. 1; 68 Vt. 225, at page 231, 35 Atl. 73.

No error has been made to appear. The cause will be remanded so that an accounting may be had.

*Judgment affirmed and cause remanded.*