Roy C. Abbott *v.* Bessie W. Abbott, Individually and as Administratrix of the Estate of Russell C. Abbott.

May Term, 1942.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed October 6, 1942.

450

*Bove, Billado & Dick* for plaintiff.

*Asa S. Bloomer* for defendant.

MOULTON, C. J. This is an action at law, brought under the provisions of P. L. 2178, to recover money alleged to be held by the defendant in a fiduciary capacity. It comes before us on the plaintiff's exception to the ruling of the trial court sustaining a demurrer to the complaint and entering judgment for the defendant.

The substance of the complaint is that the plaintiff and defendant are the only surviving next of kin of Russell C. Abbott, deceased; that the defendant is the duly appointed administratrix of his estate; that, as such administratrix, she brought an action for the benefit of herself and other next of kin against Arzy H. Noyes, alleging that the death of her intestate was caused by the latter's wrongful act; that the action was settled by the payment to her of the sum of $4000, which she received in a fiduciary capacity; and that, although often requested, she has neglected and refused to pay to the plaintiff his proportionate share thereof. The demurrer is upon the ground that the matter involved pertains to an accounting by the defendant as administratrix and therefore lies within the exclusive jurisdiction of the probate court by which she was appointed.

The action against Noyes, in settlement of which the money was obtained by the defendant, was brought under the provisions of P. L. secs. 2859, 2860 and 2861. By sec. 2860 the sum recovered is for the benefit of the next of kin, who are to receive the same proportion thereof as in the distribution of the personal estate of a person dying intestate. By sec. 2861 the sum recovered is not an asset in the hands of the administratrix but must be paid over to the persons entitled thereto, after deducting or being paid the costs and expenses of prosecution. It is clear, therefore, that the defendant must account to the plaintiff for his proportionate share of the amount in her hands. The question is whether the allegations of the complaint present a case in which recovery can be had in an action at law in the County Court.

 The right of action given by P. L. 2859 is entirely independent of and unrelated to any that the deceased may have had in his lifetime, and is vested in his executor or administrator for the benefit of certain designated beneficiaries. The recovery is not based upon an injury to the decedent's estate but upon the loss sustained by those for whose benefit the action is brought. *Brown, Admr.* v. *Perry,* 104 Vt. 66, 69, 156 Atl. 910, 77 A. L. R. 1294. The right arises from an injury to the deceased which gave, or, if death had not ensued, would have given him a cause of action. *Berry* v. *Rutland R. R. Co.,* 103 Vt. 388, 391, 154 Atl. 671. But the provision of P. L. 2861 that the sum recovered shall not be an asset in the hands of the administrator must be taken to mean only that it shall not be an asset subject to the payment of the decedent's debts; it is an asset created by statute for purposes of distribution to those entitled to share in it. *Berry* v. *Rutland R. R. Co., supra,* 391-2. In the case just cited it was held that the statutory right of action was a sufficient asset to warrant the grant of administration upon the estate of the deceased in any jurisdiction in which the person or corporation by whose act the death had been caused might be found; and the argument that it was not an asset of the estate because the right did not accrue to the deceased during his lifetime but came into being only after his death was rejected as unsound.

 A court of probate has only the special and limited jurisdiction given by statute, and nothing is to be presumed in

favor of it. *Barber* v. *Chase,* 101 Vt. 343, 351, 143 Atl. 302; *Probate Court* v. *Indemnity Ins. Co.,* 106 Vt. 207,210, 171 Atl. 336. It has, however, plenary and exclusive jurisdiction in the settlement of the estates of deceased persons. *First Nat. Bk.* v. *Comm'r of Taxes,* 111 Vt. 281, 295, 16 Atl. (2d) 184; *Kreichner* v. *Webster,* 110 Vt. 105, 109, 2 Atl. (2d) 199; *In re Curtis' Estate,* 109 Vt. 44, 48, 192 Atl. 13; *Walker* v. *Hendee,* 100 Vt. 362, 364, 137 Atl. 334.

 It is the intent of P. L. 2859 and 2861 that the sum recovered in an action brought under their provisions or received in settlement of such action is to be administered and distributed under the supervision of the probate court. It is significant that these sections form a part of Title 12 of the Public Laws entitled "Probate Courts and the Settlement of Estates." Although the executor or administrator holds the sum as trustee for those who are entitled to share in it (*Brown, Adm'r* v. *Perry,* 104 Vt. 66, 70, 156 Atl. 910, 77 A. L. R. 1294; *Needham* v. *Grand Trunk R. R. Co.,* 38 Vt. 294, 304; 1 Restatement, Trusts, para. 6 (h),) it is for the Probate Court in the course of orderly procedure to ascertain who these beneficiaries may be; to pass upon the propriety and reasonableness of the expenses, including the fees of counsel, which have been incurred and are to be deducted before distribution is made; to determine the net amount for distribution and the amounts of the respective shares of those entitled in accordance with the law governing the estates of persons dying intestate; to approve the account presented; and to make an appropriate order or decree in the premises. It is not to be supposed that these matters are intended to be left to the judgment or discretion of the executor or administrator. The Probate Court has general equity powers in regard to trusts and trust funds that arise in the settlement of estates (*Foss, Trustee,* v. *Sowles,* 62 Vt. 221, 224, 19 Atl. 984) of which this trust is one.

 When the purposes of a trust have been fulfilled and nothing remains for the trustee to do but to pay over the fund to the beneficiary, and this is not done, the beneficiary may maintain an action at law for its recovery. *In re Manley Estate,* 112 Vt. 314, 320, 24 Atl. (2d) 357, and cas. cit. This trust, however, has not come to an end, and will not do so until the necessary proceedings have taken place in the Probate Court and an order and

decree has been entered. *Husted* v. *Stone and Dean,* 69 Vt. 149, 154, 37 Atl. 253. There is no allegation that these steps have been taken.

There was no error in the ruling below.

*Judgment affirmed.*