Rockingham County Probate Court
No. 82-079

## *In re* ESTATE OF THOMAS H. WOOD

November 5, 1982

*Steinberg, Shaker, Lewis & James*, of Lawrence, Massachusetts (*John A. James, Jr.,* on the brief), by brief for Judith A. Wood, natural mother and guardian of Elizabeth Wood and Rebecca Wood as surviving daughters of Thomas H. Wood.

*Romprey, Beaumont & Mason P.A.*, of Salem (*Bernard H. Campbell* on the brief), by brief for Raymond W. Wood, executor of the estate of Thomas H. Wood.

BOIS, J. This is an appeal from a decree entered by the Rockingham County Probate Court (*Treat*, J.) holding that New Hampshire law controls the distribution of certain proceeds recovered in the settlement of Thomas H. Wood's potential wrongful death claim. We affirm.

Thomas H. Wood, a resident of New Hampshire, died on December 9, 1980, as the result of a motor vehicle accident which occurred in Massachusetts. The driver of the other car involved in the accident was also a New Hampshire resident. A settlement of the decedent's wrongful death claim was reached prior to the initiation of any legal action, subject only to the approval of the New Hampshire probate court and the giving of appropriate releases.

Before entering into a second marriage, Thomas H. Wood executed a will in New Hampshire, naming his father, Raymond W. Wood, as executor. The will left his entire estate in trust for the benefit of two minor children from a previous marriage. His widow has timely waived the provisions of the will and has elected to claim her statutory share of the estate under RSA 560:10.

If the proceeds from the settlement of the potential wrongful death action are distributed in accordance with Massachusetts law, one-third will go to the surviving spouse and two thirds directly to the children, irrespective of the provisions of the decedent's will. See MASS. GEN. LAWS ANN. ch. 229, § 1(3) (West Supp. 1981). This is the position urged by the first wife, as mother and guardian of the two minor daughters.

The executor urges that distribution be in accordance with New Hampshire law, RSA 556:14, under which the surviving spouse would receive one-third as her elective share, *see* RSA 560:10 I, and the remaining two-thirds would be distributed to the testamentary trust for the benefit of the children, as provided in the decedent's will.

The probate court applied the choice influencing considerations adopted by this court in *Clark v. Clark*, 107 N.H. 351, 353–55, 222 A.2d 205, 208–09 (1966), and held that New Hampshire law should apply to the distribution of the death claim benefits. We agree with the trial court's conclusion.

■ In *Clark* we set forth the following factors to be considered in the resolution of choice-of-law problems: (1) predictability of results; (2) maintenance of reasonable orderliness and good relationships among the fifty states; (3) simplification of the judicial task; (4) advancement of the forum state's governmental interest; and (5) application of the sounder rule of law. *Id.*, 222 A.2d at 208–09; *see LaBounty v. American Insurance Co.*, 122 N.H. 738, 741, 451 A.2d 161, 163 (1982).

██ We find the fourth and fifth factors enunciated in *Clark* determinative in the instant case. It is clear that New Hampshire has a strong governmental interest in resolving controversies which are closely bound up with its residents and the administration of their estates. The present case constitutes such a controversy. As noted above, both drivers involved in the accident were residents of New Hampshire. Additionally, the potential wrongful death claim was listed as an asset of the decedent's estate, which was to be administered in New Hampshire. Furthermore, the record reveals that the executor intended to initiate a wrongful death action in New Hampshire; he never commenced legal action in Massachusetts. The site of the accident was the only contact with Massachusetts, and we find this contact an insufficient reason to apply Massachusetts law in this case.

█ In addition to recognizing New Hampshire's overriding governmental interest in this matter, we find that the New Hampshire wrongful death statute, which permits distribution of the death benefits in accordance with the provisions of the decedent's will, is the sounder rule of law because it fosters the intent of the decedent-testator. *See In re Estate of Sayewich,* 120 N.H. 237, 241, 413 A.2d 581, 583 (1980). As a result, we hold that the probate court correctly ruled that New Hampshire law governed the distribution of the wrongful death benefits in this case.

*Affirmed.*

All concurred.