## John A. Calhoun v. Aileen Blakely

[564 A.2d 590]

No. 87-589

Present: **Peck and Dooley, JJ., and Katz, Supr. J. and Connarn and Springer, D. JJ. (Ret.), Specially Assigned**

Opinion Filed June 16, 1989

Motion for Reargument Denied July 13, 1989

*Anna E. Saxman* of *Langrock Sperry Parker & Wool*, Middlebury, for Plaintiff-Appellant.

*Richard E. Davis Associates, Inc.*, Barre, for Defendant-Appellee.

**Dooley, J.** This action was brought pursuant to 14 V.S.A. § 1492(c) seeking an order distributing proceeds of a wrongful death action. The parties are the parents of Irene Calhoun, who died while attending college in New Hampshire, allegedly as a result of medication prescribed by a physician there. Defendant-mother was appointed administratrix of Irene Calhoun's estate by the Washington Probate Court and brought the wrongful death action in New Hampshire. That case was settled for $75,000 net of attorney's fees, and plaintiff-father now seeks half that amount from defendant in this action. The Washington Superior Court dismissed this action, finding it precluded by an earlier judgment of the Addison Superior Court under the doctrine of res judicata. We affirm the dismissal but on different grounds.

The tangled procedure that pervades this action began in the Addison Superior Court. That proceeding was based on conversion—that is, plaintiff alleged that defendant received the proceeds of the wrongful death action as administratrix of the daughter's estate and unlawfully kept the money for her personal use. After a combined trial on the merits and hearing on defendant's motion to dismiss, the Addison Superior Court concluded on May 21, 1985 that plaintiff had not established conversion because he failed to show he had an immediate right to possession of any of the funds. The court based this conclusion on plaintiff's failure to commence proceedings for distribution of the proceeds under 14 V.S.A. § 1492(c) or to bring relevant probate proceedings. Accordingly, the court entered judgment for the defendant. That judgment was not appealed and is not before us.

In July of 1986, over a year after the dismissal of the Addison Superior Court action, plaintiff commenced this action in Washington Superior Court seeking distribution of the wrongful death proceeds under 14 V.S.A. § 1492(c). Section 1492 establishes much of the procedure for a Vermont wrongful death action, including distribution of the proceeds. It states:

> (c) The amount recovered shall be for the benefit of such wife and next of kin or husband and next of kin, as the case may be and shall be distributed by such personal representative as hereinafter provided. Such distribution,

whether of the proceeds of a settlement or of an action, shall be in proportion to the pecuniary injuries suffered, the proportions to be determined upon notice to all interested persons in such manner as the county court ... shall deem proper and after a hearing at such time as such court ... may direct, upon application made by such personal representative or by the wife, husband or any next of kin.

The statute goes on to specify rules for determining the proper beneficiaries of the distribution and concludes by specifying that the probate court must decree the proceeds according to the judgment of the county court. 14 V.S.A. § 1492(c)(6).

Plaintiff alleged that he was entitled to proceeds under § 1492(c), defendant had failed to seek a distribution and defendant had retained the proceeds personally. Defendant raised the defense of res judicata and moved to dismiss on that ground. The Washington Superior Court granted her motion, finding that plaintiff could have raised the distribution claim under § 1492(c) in the Addison Superior Court action and thus is precluded from doing so in a separate action in Washington Superior Court.

In unraveling the procedural tangle in this case, we begin with the action in the Addison Superior Court. In dismissing this action, the court was following the clear and controlling precedent of *Abbott v. Abbott*, 112 Vt. 449, 28 A.2d 375 (1942), which also involved a conversion suit by one parent against another over proceeds from a wrongful death action. As in this case, defendant was the administratrix of the estate of the deceased and had received a settlement which she refused to share with plaintiff. The Court in *Abbott* held that the conversion action was premature because the probate court, pursuant to its jurisdiction over the estate, had not passed on the distribution of the proceeds. 112 Vt. at 452, 28 A.2d at 377. The Court held the action could not be maintained until all probate proceedings were over and "nothing remains for the trustee to do but to pay over the fund to the beneficiary." *Id.*[1]

---

[1] Apparently, neither party suggested that the Addison Superior Court could make the § 1492(c) distribution. In the Washington Superior Court, plaintiff argued that the venue lies in Washington County because the estate was

Two differences between this case and *Abbott* determine the proper course of action after the Addison Superior Court dismissal. First, the Legislature in 1961 amended the wrongful death statute to provide that the distribution of the proceeds shall be determined by the superior court. 14 V.S.A. § 1492(c). While probate courts must still decree the proceeds, their role is now ministerial, to follow the direction of the superior court. *Id.*; *Bassett v. Vermont Tax Dep't*, 135 Vt. 257, 259, 376 A.2d 731, 733 (1977). The second difference is that the settlement in this case resulted from a wrongful death action brought in New Hampshire and governed by New Hampshire law.[2]

The first difference no doubt induced the plaintiff to go to Washington Superior Court rather than Washington Probate Court. Unlike the situation in *Abbott*, distribution of wrongful death proceeds is now done by the superior court under § 1492(c). Because of the second difference, however, that forum choice was wrong. Some understanding of the New Hampshire wrongful death action scheme is necessary to show why the Washington Superior Court had no jurisdiction in this case.

There are two common types of wrongful death actions. One type awards damages to surviving beneficiaries based on their loss. These acts are based on Lord Campbell's Act, adopted in England in 1846. Vermont's statute, which awards damages based on pecuniary injury to the decedent's spouse and next of kin, is based on Lord Campbell's Act. See generally Joselson, *Parents' "Pecuniary Injuries" for the Wrongful Death of an Adult Child: Where is the Love?*, 12 Vt. L. Rev. 57 (1987).

---

opened there and, as a result, the Addison Superior Court could not have distributed the proceeds. We need not get into this venue question in view of our resolution of the appeal.

[2] We need not decide the appropriate choice of law rule for a wrongful death action to come to this conclusion. We have adopted a *lex loci delicti* rule and have not had occasion to reconsider it in recent years. See *Goldman v. Beaudry*, 122 Vt. 299, 301, 170 A.2d 636, 638 (1961). The federal courts have predicted that we will abandon *lex loci* in favor of a more flexible approach. See *In re Air Crash Disaster*, 399 F. Supp. 1106, 1110-11 (D. Mass. 1975); *LeBlanc v. Stuart*, 342 F. Supp. 773, 774-75 (D. Vt. 1972). Under any approach, New Hampshire law would apply in this case since the injury occurred in that state and both the decedent and the defendant were residing there.

The other type of statute measures damages "by the loss occasioned to decedent's estate by the death." 1 S. Speiser, Recovery for Wrongful Death § 1.9, at 29 (2d ed. 1975). New Hampshire's is such a statute. See N.H. Rev. Stat. Ann. 556: 12 (1974). It provides that the administrator of the estate of the deceased party may recover for the following elements of damage "in the same manner as if the deceased had survived":

> the mental and physical pain suffered by the deceased in consequence of the injury, the reasonable expenses occasioned to his estate by the injury, the probable duration of his life but for the injury, and his capacity to earn money during his probable working life ....

*Id.* The New Hampshire Supreme Court has emphasized that the Legislature created a statute "which [limited] damages to the injuries suffered by the decedent and his or her estate" and did not assess damages based on the loss suffered by surviving relatives. *Siciliano v. Capitol City Shows, Inc.,* 124 N.H. 719, 728, 475 A.2d 19, 23–24 (1984). Consistent with the type of statute involved, wrongful death proceeds in New Hampshire are part of the decedent's estate and are distributed under the applicable descent and distribution laws. See *In re Estate of Wood,* 122 N.H. 956, 958, 453 A.2d 1251, 1252 (1982).

In general that state's law which determines the right of recovery for wrongful death also determines how the proceeds must be distributed. See Restatement (Second) of Conflict of Laws § 177 (1971); Annotation, *What Law Governs the Distribution, Apportionment, or Disposition of Damages Recovered for Wrongful Death,* 92 A.L.R.2d 1129 (1963). The comment to the Restatement notes specifically that the law that determines the right to bring the wrongful death action determines whether recovery will be for the benefit of the decedent's estate or of specified beneficiaries. Restatement (Second) of Conflict of Laws § 177, comment a. Indeed, any other rule would be illogical in a case like this because the measure of damages and the method of distribution would be inconsistent. Thus, it would not be rational to determine damages based on loss to the decedent and the estate under New Hampshire law, and then distribute those damages to a spouse and next of kin for their pecuniary loss, under Vermont law.

For the above reasons we must apply the New Hampshire rule that the wrongful death proceeds in this case became part of Irene Calhoun's estate.[3] Since they are in the estate, they must be distributed by the Washington Probate Court as held in *Abbott v. Abbott.* Vermont's statutory scheme for distributing wrongful death proceeds, including § 1492(c), has no application to this settlement. Therefore, the Washington Superior Court had no jurisdiction over the settlement proceeds and plaintiff's attempt to have them distributed. The motion to dismiss was properly granted. We affirm it on the grounds specified herein.

*Affirmed.*

### On Motion for Reargument

Appellee's motion for reargument is denied. Appellee misreads the use of the word "defendant" in this Court's opinion. See *Calhoun v. Blakely,* 152 Vt. 113, 116 n.2, 564 A.2d 590, 592 n.2 (1989). The "defendant" referred to in that note is the defendant in the underlying negligence action. This Court did not, therefore, misapprehend facts in the case. V.R.A.P. 40.

We do not, therefore, address appellee's arguments that this Court should rethink the *lex loci delicti* doctrine in favor of the modern approach discussed in footnote 2 of the Court's opinion. *Blakely,* 152 Vt. at 116 n.2, 564 A.2d at 592 n.2.

*Motion for reargument is denied.*

---

[3] We assume, without deciding, that Vermont descent and distribution law will govern the distribution of the proceeds by the probate court. See Restatement (Second) of Conflict of Laws § 177, comment d (1971); *In re Estate of Wood,* 122 N.H. 956, 453 A.2d 1251 (1982).